1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

The Honorable Karen L. Strombom

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | | |
|---|---|---|
| KEN ARONSON, | ) | No. 3:10-CV-05293-KLS |
| | ) | |
| Plaintiff, | ) | DEFENDANT'S REPLY IN |
| | ) | SUPPORT OF SPECIAL MOTION |
| v. | ) | TO STRIKE |
| | ) | |
| DOG EAT DOG FILMS, INC., | ) | **NOTE ON MOTION** |
| | ) | **CALENDAR: JULY 9, 2010** |
| Defendant. | ) | |
| | ) | **ORAL ARGUMENT** |
| | ) | **REQUESTED** |
| | ) | |

DEFENDANT'S REPLY IN SUPPORT OF SPECIAL
MOTION TO STRIKE
(3:10-cv-05293 KLS)
DWT 14987659v3 0092022-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

# <u>TABLE OF CONTENTS</u>

**Page(s)**

I.      SUMMARY OF ARGUMENT ................................................................................. 1

II.     ARGUMENT ....................................................................................................... 1

      A.      Washington's Anti-SLAPP Act Applies Because Plaintiff's State Law
              Claims Are Based On Defendant's Protected Actions. ................................. 1

            1.      Plaintiff's state law claims are based on Defendant's exercise
                  of its First Amendment rights.............................................................. 1

      B.      Plaintiff Cannot Show, By Clear and Convincing Evidence, a
              Probability of Prevailing on His Claims....................................................... 3

            1.      Plaintiff's claims must be dismissed because he cannot make a
                  prima facie case. ................................................................................ 3

            2.      Plaintiff's misappropriation claim fails as a matter of law............... 4

                  a.      Plaintiff's misappropriation claim must be dismissed because
                        Defendant has not appropriated Plaintiff's voice or
                        photograph for a commercial purpose. .................................. 4

                  b.      Whether Plaintiff is a private or public figure does not affect
                        Defendant's statutory and constitutional defenses to his
                        misappropriation claim........................................................... 6

                  c.      Plaintiff's misappropriation claim fails because of the
                        constitutional newsworthy defense and Washington's
                      statutory public affairs and de minimis use exemptions. ...... 7

            3.      Plaintiff's invasion of privacy claim must be dismissed because
                  it fails as a matter of law. ................................................................. 9

            4.      Plaintiff's state law claims are preempted by the Copyright
                  Act. ................................................................................................. 10

            5.      Plaintiff's state law claims are barred by the applicable statutes
                  of limitations...................................................................................... 11

III.    CONCLUSION ................................................................................................ 11

DEFENDANT'S REPLY IN SUPPORT OF SPECIAL
MOTION TO STRIKE
(3:10-cv-05293 KLS) - i
DWT 14987659v3 0092022-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Anderson v. Liberty Lobby*,
    477 U.S. 242 (1986) .......................................................................... 3, 4

*Auscape Int'l v. Nat'l Geographic Soc'y*,
    461 F. Supp. 2d 174 (S.D.N.Y. 2006) ............................................ 4

*Baugh v. CBS, Inc.*,
    828 F. Supp. 745 (N.D. Cal. 1993) ................................................ 6, 7

*Cawley-Herrmann v. Meredith Corp.*,
    654 F. Supp. 2d 1264 (W.D. Wash. 2009) ..................................... 9

*Downing v. Abercrombie & Fitch*,
    264 F.3d 1994 (9th Cir. 2001) ........................................................ 10

*ETW Corp. v. Jireh Publ'g, Inc.*,
    332 F.3d 915 (6th Cir. 2003) .......................................................... 5

*Four Navy Seals v. Associated Press*,
    413 F. Supp. 2d 1136 (S.D. Cal. 2005) ......................................... 2

*French v. Providence Everett Med. Ctr.*,
    2008 U.S. Dist. LEXIS 80125 (W.D. Wash. 2008) ....................... 9

*Grinenko v. Olympic Panel Prods.*,
    2008 U.S. Dist. LEXIS 100461 (W.D. Wash. 2008) ..................... 9

*Hilton v. Hallmark Cards*,
    2010 U.S. App. LEXIS 6104 (9th Cir. 2010) (California common law) ........................ 4

*Hoffman v. Capital Cities/ABC, Inc.*,
    255 F.3d 1180 (9th Cir. 2001) ........................................................ 5

*Joseph Burstyn, Inc. v. Wilson*,
    343 U.S. 495 (1952) ....................................................................... 5

*Laws v. Sony Music Entm't, Inc.*,
    448 F.3d 1134 (9th Cir. 2006) ........................................................ 10

*Metabolife Int'l v. Wornick*,
    264 F.3d 832 (9th Cir. 2001) .......................................................... 4

DEFENDANT'S REPLY IN SUPPORT OF SPECIAL
MOTION TO STRIKE
(3:10-cv-05293 KLS) - ii
DWT 14987659v3 0092022-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

*Mindys Cosmetics v. Dakar*,
    2010 U.S. App. LEXIS 13734 (9th Cir. 2010) ............................................... 2

*New Kids on the Block v. News America Publ'g, Inc.*,
    745 F. Supp. 1540 (C.D. Cal. 1990) ...................................................... 5, 6, 7

*Ruffin-Steinback v. dePasse*,
    267 F.3d 457 (6th Cir. 2001) ................................................................ 4

*Weber v. Warner Music S.P., Inc.*,
    2006 U.S. Dist. LEXIS 48079 (W.D. Wash. 2006) ...................................... 8

**STATE CASES**

*Beard v. King County*,
    76 Wn. App. 863 (1995) ..................................................................... 11

*Cowles Publ'g Co. v. State Patrol*,
    109 Wn.2d 712 (1988) ......................................................................... 9

*Dora v. Frontline Video, Inc.*,
    15 Cal. App. 4th 536 (1993) ......................................................... 6, 7, 8

*Dyer v. Childress*,
    147 Cal. App. 4th 1273 (2007) ............................................................ 1

*Gionfriddo v. Major League Baseball*,
    94 Cal. App. 4th 400 (2001) ......................................................... 5, 6, 8

*Guglielmi v. Spelling-Goldberg Prod'ns*,
    25 Cal. 3d 860 (1979) (Bird, J., concurring.) ....................................... 4

*Hall v. Time Warner, Inc.*,
    153 Cal. App. 4th 1337 (2007) ............................................................ 7

*Jane Doe I v. Dep't of Soc. & Health Servs.*,
    2007 Wash. App. LEXIS 1188 (2007) .............................................. 10, 11

*M.G. v. Time Warner*,
    89 Cal. App. 4th 623 (2001) ............................................................ 1, 2

*Reid v. Pierce County*,
    136 Wn.2d 195 (1998) ...................................................................... 10

*Terry v. Davis Cmty. Church*,
    131 Cal. App. 4th 1534 (2005) ......................................................... 1, 2

DEFENDANT'S REPLY IN SUPPORT OF SPECIAL
MOTION TO STRIKE
(3:10-cv-05293 KLS) - iii
DWT 14987659v3 0092022-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

*Winter v. DC Comics*,
   30 Cal. 4th 881 (2003) .........................................................................................................7

**STATE STATUTES**

RCW 4.16.100(1) ...................................................................................................... 11

RCW 63.60.070 ...................................................................................................... 6, 8

Wash. Anti-SLAPP Act § 2 .................................................................................... 2, 3

**RULES**

Fed. R. Civ. P. 12(c) ................................................................................................... 1

**CONSTITUTIONAL PROVISIONS**

U.S. Const. Art. I .............................................................................................passim

**OTHER AUTHORITIES**

Restatement (Third) of Unfair Competition § 47 ........................................... 4, 8

*Sicko* (Dog Eat Dog Films, Inc. 2007) .......................................................passim

DEFENDANT'S REPLY IN SUPPORT OF SPECIAL
MOTION TO STRIKE
(3:10-cv-05293 KLS) - iv
DWT 14987659v3 0092022-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

# I.   SUMMARY OF ARGUMENT

Plaintiff's Opposition urges the Court to adopt a narrow reading of the new Washington Anti-SLAPP Act, which directly contravenes the Legislature's intentions. Plaintiff also largely ignores the controlling case law requiring dismissal of his claims for invasion of privacy and misappropriation.  Consequently, this Motion should be granted.[1]

# II.   ARGUMENT

**A.   Washington's Anti-SLAPP Act Applies Because Plaintiff's State Law Claims Are Based On Defendant's Protected Actions.**

### 1.   Plaintiff's state law claims are based on Defendant's exercise of its First Amendment rights.

Notwithstanding the Legislature's express mandate that the Anti-SLAPP Act "be applied and construed liberally," Plaintiff asserts his claims are not "based" in conduct protected by the Anti-SLAPP Act.  Plaintiff primarily relies on a narrow California appellate court decision construing California's anti-SLAPP act, *Dyer v. Childress*, 147 Cal. App. 4th 1273 (2007).[2]  In *Dyer*, the court held that California's anti-SLAPP act did not apply because the character who purportedly depicted plaintiff in the film was entirely fictional.  *Id.* at 1280.  In so finding, the *Dyer* court examined and acknowledged cases where the public interest requirement **can** be met where the plaintiff has a "direct connection" to the issue, and acknowledged that such a connection need not be "of the plaintiffs' making."  *Id.* at 1282 (examining *M.G. v. Time Warner*, 89 Cal. App. 4th 623 (2001) and *Terry v. Davis Cmty. Church*, 131 Cal. App. 4th 1534 (2005)).  In both *M.G.*

---

[1] Even if the Anti-SLAPP Act were not to apply—which it does— this Motion should be considered in the alternative as a Motion to Dismiss on the Pleadings under Fed. R. Civ. P. 12(c), per Defendant's earlier request, and Plaintiff's state law claims should accordingly be dismissed because they fail to state a claim on which relief may be granted.

[2] While California case law will be instructive to this Court in construing Washington's Anti-SLAPP Act given the similarity between the two states' anti-SLAPP acts, we impress on the Court that this is a case of first impression.

DEFENDANT'S REPLY IN SUPPORT OF SPECIAL
MOTION TO STRIKE
(3:10-cv-05293 KLS) - 1
DWT 14987659v3 0092022-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

and *Terry*, the courts rejected plaintiffs' attempts to characterize the "public issues" involved as limited to the narrow question of the plaintiffs' individual involvement in the public issue and found that the broad topics at issue were clearly matters of public interest. *M.G.*, 89 Cal. App. 4th at 629; *Terry*, 131 Cal. App. at 1547-49; *see also Four Navy Seals v. Associated Press*, 413 F. Supp. 2d 1136, 1149 (S.D. Cal. 2005) (anti-SLAPP act applied even though the plaintiffs whose photograph accompanied an article were private individuals because the broader topic of the article qualified as a public issue).

As is shown by a review of *Sicko*, Plaintiff is directly connected to the issues *Sicko* addresses: Plaintiff was involved in an incident in which an American citizen injured his shoulder and received free healthcare from a U.K. hospital, which provided sharp contrast to care available under existing American law.  Healthcare reform in America is one of the most significant contemporary public issues of the last two decades, from President Clinton's presidency through the ground-breaking healthcare reforms enacted this year by President Obama.  The incident precisely illustrates the differences between the American and English healthcare systems.  Defendant's actions are thus based on protected conduct. *See Mindys Cosmetics v. Dakar*, 2010 U.S. App. LEXIS 13734, *6-7 (9th Cir. 2010) (broadly construing anti-SLAPP act to find the claims arose from protected conduct even where it was a close question).  Because the speech that is the basis for Plaintiff's claims was on an issue of widespread public interest, the claims are properly subject to an Anti-SLAPP motion.[3]

---

[3] Plaintiff's absurd examples of hypothetical claims where incidental conduct could be combined with protected speech are inapposite.  The Anti-SLAPP Act expressly applies to all *lawful* conduct. Wash. Anti-SLAPP Act §2(2)(e).  Regardless, whether a plaintiff will prevail on his claims is the second step in a two-step inquiry, and the Anti-SLAPP Act's provisions allow for the court to award the responding party fees and costs if the court finds a motion frivolous. Wash. Anti-SLAPP Act §2(6)(b).

DEFENDANT'S REPLY IN SUPPORT OF SPECIAL
MOTION TO STRIKE
(3:10-cv-05293 KLS) - 2
DWT 14987659v3 0092022-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

**B.     Plaintiff Cannot Show, By Clear and Convincing Evidence, a
         Probability of Prevailing on His Claims.**

Plaintiff misunderstands the mechanics of a Motion to Strike under the Anti-

SLAPP Act.  Once Defendant meets its burden, the burden shifts to Plaintiff "to establish

by *clear and convincing evidence* a probability of prevailing on his claims."  Wash. Anti-

SLAPP Act § 2(4)(b).  This has no effect on the evidentiary burden Plaintiff would bear at

trial; rather, it addresses the evidentiary burden Plaintiff must bear now, on this Motion to

Strike.

**1.     Plaintiff's claims must be dismissed because he cannot make a
         prima facie case.**

Though Plaintiff recognizes this Court must consider the pleadings and proffered

support and opposition in deciding this Motion, *see* Pl.'s Opp. at p. 8:11-14, it seems

Plaintiff is under the impression that he can avoid this Motion by relying on the

unsupported allegations in the Complaint.  If that were the case, there would be no point in

a special motion to strike (or any dispositive motion, for that matter), as the responding

party would always prevail.

Plaintiff cites *Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986), which applies

to the extent that he must show, in response to a summary judgment motion, that he has

offered competent evidence that would establish all elements of his prima facie case and

support entry of a judgment in his favor.  *Id.* at 247-52.  The standard used by the Ninth

Circuit in assessing the responding party's burden under California's anti-SLAPP act is

slightly different, and also more on point:

> [T]he plaintiff must demonstrate that "the complaint is
> legally sufficient and supported by a prima facie showing of
> facts to sustain a favorable judgment if the evidence
> submitted by the plaintiff is credited." This burden is "much

DEFENDANT'S REPLY IN SUPPORT OF SPECIAL
MOTION TO STRIKE
(3:10-cv-05293 KLS) - 3
DWT 14987659v3 0092022-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

like that used in determining a motion for nonsuit or directed verdict," which mandates dismissal when "no reasonable jury" could find for the plaintiff. Thus, a defendant's anti-SLAPP motion should be granted when a plaintiff presents an insufficient legal basis for the claims or "when no evidence of sufficient substantiality exists to support a judgment for the plaintiff."

*Metabolife Int'l v. Wornick*, 264 F.3d 832, 840 (9th Cir. 2001) (internal citations omitted).

Even if this Court *were* to apply the summary judgment standard under *Anderson*, Plaintiff still cannot make a prima facie case. First, there can be no misappropriation as a matter of law where, as here, there has been no commercial use of Plaintiff's persona, but rather just an editorial use. Second, Plaintiff's invasion of privacy claim fails as a matter of law because Plaintiff's photograph and voice were used to further the health care debate, a matter of legitimate and significant public interest, and because the footage depicting Plaintiff does not satisfy the standards for that tort. In short, Plaintiff's "evidence" is utterly irrelevant.

### 2. Plaintiff's misappropriation claim must be dismissed because it fails as a matter of law.

#### a. Plaintiff's misappropriation claim must be dismissed because Defendant has not appropriated Plaintiff's voice or photograph for a commercial purpose.

A plaintiff's misappropriation claim must fail where, as here, the defendant's use of the plaintiff's voice or likenesses is solely in connection with a non-commercial expressive work.[4] *See Guglielmi v. Spelling-Goldberg Prod'ns*, 25 Cal. 3d 860, 871-72 (1979) (Bird,

---

[4] Though no Washington case sets out Washington's standard for common law misappropriation of likeness, the majority of states that recognize such a tort require the appropriation of plaintiff's name or likeness to defendant's advantage, as the tort is a branch of unfair competition law. *See, e.g.*, *Hilton v. Hallmark Cards*, 2010 U.S. App. LEXIS 6104, *30 (9th Cir. 2010) (California common law); *Ruffin-Steinback v. dePasse*, 267 F.3d 457, 461-62 (6th Cir. 2001) (affirming trial court's requirement that misappropriation include the appropriation of plaintiffs' likenesses for a commercial purpose (relying on the Restatement (Third) of Unfair Competition § 47), which did not occur when defendants created a mini-series about the singing group the

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

J., concurring.).  Thus, to establish any claim against Defendant, Plaintiff must first establish that *Sicko* is "commercial speech," entitled to reduced First Amendment protection.  If Plaintiff cannot clear this initial hurdle, his claims must be dismissed under controlling law.  *Hoffman v. Capital Cities/ABC, Inc.*, 255 F.3d 1180, 1184 (9th Cir. 2001); *accord New Kids on the Block v. News America Publ'g, Inc.*, 745 F. Supp. 1540 (C.D. Cal. 1990), *aff'd*, 971 F.2d 302 (9th Cir. 1992).  Plaintiff's attempts to distinguish *New Kids on the Block* are wholly unsuccessful, as that case has no requirement that First Amendment protection applies only to material "needed" for expressive speech.  Rather, *New Kids on the Block* found "the First Amendment provides immunity unless the defendants' use of [plaintiffs'] name and likeness constitute pure commercial exploitation and was wholly unrelated to news gathering and dissemination." *Id.* at 1542.

"[T]he 'core notion of commercial speech' is that it does no more than propose a commercial transaction."  *Hoffman*, 255 F.3d at 1184 (citation omitted).  And where challenged uses appear in editorial content—as is the case here with *Sicko*—"rather than in advertisements selling a product . . . they are readily distinct from uses that *do no more than propose a commercial transaction*."  *Gionfriddo v. Major League Baseball*, 94 Cal. App. 4th 400, 412 (2001) (emphasis in original).  Asserting that *Sicko* may have made a profit does not transform its editorial content into commercial speech.  *See, e.g., Joseph Burstyn, Inc. v. Wilson*, 343 U.S. 495, 501 (1952); *ETW Corp. v. Jireh Publ'g, Inc.*, 332 F.3d 915, 924 (6th Cir. 2003) ("Speech is protected even though it is carried in a form that is sold for profit"); *Gionfriddo*, 94 Cal. App. 4th at 411 ("The First Amendment is not

Temptations); *Auscape Int'l v. Nat'l Geographic Soc'y*, 461 F. Supp. 2d 174, 192 (S.D.N.Y. 2006) (California common law misappropriation includes "appropriation, for the defendant's advantage, of the plaintiff's name or likeness.")

DEFENDANT'S REPLY IN SUPPORT OF SPECIAL
MOTION TO STRIKE
(3:10-cv-05293 KLS) - 5
DWT 14987659v3 0092022-000001

1  limited to those who publish without charge. . . .  [An expressive activity] does not lose its

2  constitutional protection because it is undertaken for profit.").  It is beyond dispute that the

3  purpose of *Sicko* was editorial, not commercial, and it is therefore entitled to the full

4  protection of the First Amendment.

5          **b.      Whether Plaintiff is a private or public figure does not
               affect Defendant's statutory and constitutional defenses
6               to his misappropriation claim.**

7          Likewise, Plaintiff impliedly argues that the First Amendment and the statutory

8  public affairs exception in RCW 63.60.070 should only apply to public figures—but

9  neither Washington's Rights of Publicity Act nor controlling case law contains any such

10 limitations.  For example, Plaintiff cites *Dora v. Frontline Video, Inc.*, 15 Cal. App. 4th

11 536 (1993), for this proposition.  Pl.'s Opp. at p. 21:16-19.  But *Dora* did not impose any

12 *requirement* that the plaintiff be famous for the public affairs protection to apply; indeed,

13 the court found the plaintiff was "not a celebrity in terms of the general public."  *See id*. at

14 542 n.2.

15         An understanding of Defendant's purpose in using Plaintiff's voice and photograph

16 in *Sicko* will be critical to the Court's analysis.  The appropriate focus must be "on the use

17 of the likeness itself," *Baugh v. CBS, Inc*., 828 F. Supp. 745, 753 (N.D. Cal. 1993).  "If the

18 purpose is 'informative or cultural,' the use is immune; 'if it serves no such function but

19 merely exploits the individual portrayed, immunity will not be granted.'"  *New Kids on the

20 Block*, 745 F. Supp. at 1546.  However, any use which is "descriptive and related to the

21 constitutionally protected activity of news gathering and dissemination and not merely

22 commercial exploitation"—which is precisely how the footage is used in *Sicko*—will be

23 protected.  *Id*.

DEFENDANT'S REPLY IN SUPPORT OF SPECIAL
MOTION TO STRIKE
(3:10-cv-05293 KLS) - 6
DWT 14987659v3 0092022-000001

1    Other cases make it clear that the First Amendment and statutory protections apply

2  to misappropriation claims regardless of whether the plaintiff is a public figure or the

3  central focus of a defendant's publication.  For example, in *Baugh v. CBS, Inc*., the court

4  held that the public affairs requirement and the First Amendment barred a misappropriation

5  claim brought by crime victims filmed and shown on television in an allegedly

6  "sensationalized" true-crime news magazine show.  *Id*. at 753-54.  *Baugh* expressly

7  rejected the plaintiff's argument that the "'public interest' defense evaporates when there is

8  no need to use plaintiffs' likeness," or when someone else could be substituted for the

9  plaintiff.  *Id*. at 754.  Further, courts have held that a person can "contribute to the public

10  debate" with only a scintilla of participation.  For instance, in *Hall v. Time Warner, Inc.*,

11  153 Cal. App. 4th 1337 (2007), a court found that Marlon Brando's housekeeper, a private

12  individual, had "contributed to the public discussion" on the widespread public issue of

13  Brando's personal life merely by "identifying [plaintiff] as a beneficiary [of Brando's will]

14  and showing her on camera."  *Id*. at 1347.

15            **c.     Plaintiff's misappropriation claim fails because of the
                      constitutional newsworthy defense and Washington's**
16                   **statutory public affairs and de minimis use exemptions.**

17    Courts consistently have recognized that the First Amendment protects expressive

18  works such as *Sicko* that are not commercial speech against statutory misappropriation

19  claims or the common law.  *See*, *e.g.*, *Winter v. DC Comics*, 30 Cal. 4th 881, 888 (2003);

20  *Dora*, 15 Cal. App. 4th at 545-46; *New Kids on the Block*, 971 F.2d at 310.  And at

21  common law, the requirement that plaintiff prove use for purposes of trade is not satisfied

22  by showing the use of a person's identity in news reporting, commentary, or entertainment.

23  Restatement (Third) of Unfair Competition § 47.

DEFENDANT'S REPLY IN SUPPORT OF SPECIAL
MOTION TO STRIKE
(3:10-cv-05293 KLS) - 7

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

Washington's "public affairs" exemption also applies here.  RCW 63.60.070(2)(b) *expressly* exempts from liability the using an individual's name or likeness in connection with any films, news story, or public affairs report, where no endorsement is implied.  *See Weber v. Warner Music S.P., Inc.*, 2006 U.S. Dist. LEXIS 48079, *2-3 (W.D. Wash. 2006) (finding as a matter of law that RCW 63.60.070 barred plaintiff's statutory misappropriation claim).

Courts have broadly interpreted the "public interest" and "public affairs" exemptions to "include things that would not necessarily be considered news," and are "less important than news."  *Gionfriddo*, 94 Cal. App. 4th at 416 (citation omitted).  In *Gionfriddo*, the court found that factual data regarding baseball players was well within these exemptions.  *Id*.  In *Dora*, the court held that a documentary about surfing, including "the sport's influence on popular culture and lifestyle," was also protected.  *Dora*, 15 Cal. App. 4th at 545.  *Sicko* is a film in the "public interest" and about "public affairs"—the criteria for exemption under the First Amendment, which should also apply to the statute— for the same reasons that it is protected by the anti-SLAPP statute.

Moreover, Plaintiff does not offer any evidence to contradict the obvious fact that the use of Plaintiff's voice and photograph in *Sicko* is "insignificant, de minimis, or incidental."  Consequently, this Court can find as a matter of law that plaintiff's statutory and common law misappropriation claims are barred both because the film is an expressive work protected by the First Amendment and because the film qualifies for multiple statutory exemptions.

DEFENDANT'S REPLY IN SUPPORT OF SPECIAL
MOTION TO STRIKE
(3:10-cv-05293 KLS) - 8
DWT 14987659v3 0092022-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

1

2

### 3.   Plaintiff's invasion of privacy claim must be dismissed because it fails as a matter of law.

3

4

Plaintiff offers no evidence that meets the elements of an action for invasion of

5

privacy.  In ruling on this Motion, this Court must determine as a matter of law whether a

6

reasonable person would be "highly offended" by the allegedly "private" facts about

7

Plaintiff disclosed in *Sicko*.  This is an objective standard.  *See Cawley-Herrmann v.*

8

*Meredith Corp*., 654 F. Supp. 2d 1264, 1266 (W.D. Wash. 2009) (holding that defendant

9

was not liable for publication of private facts); *Grinenko v. Olympic Panel Prods*., 2008

10

U.S. Dist. LEXIS 100461,*22-24 (W.D. Wash. 2008) (granting defendant's summary

11

judgment motion where the alleged disclosure was not "highly offensive"); *French v.*

12

*Providence Everett Med. Ctr*., 2008 U.S. Dist. LEXIS 80125 (W.D. Wash. 2008).  Plaintiff

13

claims that *Cowles Publ'g Co. v. State Patrol*, 109 Wn.2d 712 (1988), "affirms that a jury

14

must decide whether the private facts disclosed by the defendant would be highly offensive

15

to a reasonable person."  Pl.'s Opp. at p. 2218-21.  This is untrue; *Cowles* does not address

16

what a jury must decide.[5]  *Sicko* discloses no facts about Plaintiff that would be highly

17

offensive to a reasonable person.  Plaintiff's voice and photograph are not "intimate

18

details" of his private life, nor are the events portrayed in the footage within the *Cowles*

19

zone of privacy. *See Cawley-Herrmann*, 654 F. Supp. 2d at 1266.

20

While Plaintiff offers a self-serving assertion that he is shocked and embarrassed

21

by the footage in *Sicko*, *see* Pl.'s Opp. at p. 4:1-2, the standard is not whether *Plaintiff* was

22

embarrassed by the facts disclosed,[6] but rather whether a *reasonable person would be*

23

---

[5] A footnote in the concurrence reaffirms the long-standing tenet that an appellate court cannot substitute its judgment for that of the trial court in resolving issues of fact, but it does not follow from this what a jury must decide.  *Cowles*, 109 Wn. 2d 734 n.2 (Anderson, J., concurring in the result).

[6] Indeed, Plaintiff's Opposition testimony complaining about his activities that were caught on tape focuses on aspects of his London trip that were **not** used in *Sicko* that Plaintiff "feel[s] were private," such as

DEFENDANT'S REPLY IN SUPPORT OF SPECIAL
MOTION TO STRIKE
(3:10-cv-05293 KLS) - 9
DWT 14987659v3 0092022-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

1   *highly offended by their publication*, **and** that such facts *are not of legitimate concern to*

2   *the public*.  *Reid v. Pierce County*, 136 Wn.2d 195, 205 (1998).  In *Jane Doe I v. Dep't of*

3   *Soc. & Health Servs.*, 2007 Wash. App. LEXIS 1188 (2007), although plaintiff claimed she

4   was subjected to "shame and emotional distress", the court agreed the disclosure of her

5   name was not highly offensive to a reasonable person, and summary judgment on her

6   invasion of privacy claim was affirmed.  *Id.* at *31.  Whatever his personal feelings, the

7   public interest (and also the newsworthiness) in the footage used in *Sicko* is obvious

8   because it shows the need for healthcare reform, a topic of legitimate and widespread

9   public interest, reaching even to the White House.

10          **4.      Plaintiff's state law claims are preempted by the Copyright Act.**

11          Plaintiff correctly identifies the Ninth Circuit's test to determine whether the

12   Copyright Act preempts state law claims, but completely disregards its application here,

13   where his claims arise entirely from Defendant's use of material in which Plaintiff claims

14   the copyright.  *See Laws v. Sony Music Entm't, Inc.*, 448 F.3d 1134, 1139-41 (9th Cir.

15   2006).  *Downing v. Abercrombie & Fitch*, 264 F.3d 1994 (9th Cir. 2001), is completely

16   distinguishable on its facts.  In *Downing*, the Ninth Circuit found that plaintiffs' claims

17   were based on the use of their names and likenesses in a copyrightable work, as opposed to

18   being based on the alleged misuse of copyrightable material.  *Id.* at 1003.  Here, Plaintiff's

19   name was not used at all in *Sicko*, and his likeness is used only as it is included in the

20   footage at issue, so his claims are properly preempted by the Copyright Act.

21

22

23   _____
     "Plaintiff smoking marijuana" and "running around the room in [his] underwear acting goofy."  Pl.'s Opp. at
     p. 3:20-21.

DEFENDANT'S REPLY IN SUPPORT OF SPECIAL
MOTION TO STRIKE
(3:10-cv-05293 KLS) - 10
DWT 14987659v3 0092022-000001

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

**5.     Plaintiff's state law claims are barred by the applicable statutes of limitations.**

Plaintiff argues a two-year statute of limitations does not apply to invasion of privacy actions based on publication of private facts, citing *Eastwood v. Cascade Broad. Co.*, 106 Wn. 2d 466, 474 (Wash. 1986).  Pl.'s Opp. at p. 19:7-13.  But Plaintiff cites a footnote from *Beard v. King County*, 76 Wn. App. 863 (1995), that shows the Washington Supreme Court has not decided "whether [the] cause of action for invasion of privacy is governed by the 2-year limitation period, RCW 4.16.100(1) or the 3-year period."  *Id*. at 869 n.6; Pl.'s Opp. at p. 19:13-15.  Although the Washington Supreme Court has not weighed in on the issue, at least one Washington appellate court has already recognized publication of private facts actions are governed by a two-year statute of limitations.  *Jane Doe I*, 2007 Wash. App. LEXIS 1188, *26-27 (2007) (citing *Eastwood*, which Plaintiff attempts to distinguish).

Plaintiff cites no cases to support his contention that a three-year statute of limitations should apply to his misappropriation claim.  Since Plaintiff's misappropriation claim is essentially as an invasion of privacy claim—given that Defendant did not appropriate Plaintiff's voice or photograph for commercial advantage—it is logical to apply the two-year statute of limitations for invasion of privacy actions applies to his misappropriation claim as well.

## III.     CONCLUSION

Plaintiff's claims are based on conduct that is protected by the Anti-SLAPP Act.  Plaintiff cannot show by clear and convincing evidence the probability of prevailing on his state law claims.  Moreover, Plaintiff has not made a prima facie case to sustain his claims.  Accordingly, Defendant respectfully prays this Court grant this Motion.

DEFENDANT'S REPLY IN SUPPORT OF SPECIAL
MOTION TO STRIKE
(3:10-cv-05293 KLS) - 11
DWT 14987659v3 0092022-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

1    DATED this 9th day of July, 2010.

2                                      By  DAVIS WRIGHT TREMAINE LLP
                                       Attorneys for Defendant Dog Eat Dog
3                                      Films, Inc.

4                                      /s/ Bruce E. H. Johnson
                                       Bruce E. H. Johnson, WSBA # 7667
5                                      Noelle Kvasnosky, WSBA # 40023
                                       Suite 2200
6                                      1201 Third Avenue
                                       Seattle, Washington  98101-3045
7                                      Telephone:      (206) 757-8069
                                       Fax:            (206) 757-7069
8                                      E-mail:    brucejohnson@dwt.com
                                                  noellekvasnosky@dwt.com
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

DEFENDANT'S REPLY IN SUPPORT OF SPECIAL
MOTION TO STRIKE
(3:10-cv-05293 KLS) - 12
DWT 14987659v3 0092022-000001

**CERTIFICATE OF SERVICE**

I hereby certify that on the 9th day of July, 2010, I caused to be filed electronically the above and foregoing document with the court, using the CM/ECF system, which will send email notification of such filing to the below addressees, and I served a true and correct copy of the following documents by the method indicated below and addressed as follows:

**Attorneys for Plaintiff:**                    _____ U.S. Mail
Thomas Brian Vertetis                          _____ Hand Delivery
Brian D. Doran                                 _____ Overnight Mail
Pfau Cochran Vertetis Kosnoff PLLC             _____ Facsimile
911 Pacific Avenue                             ___X___ CM/ECF Notification via email
Suite 200                                      service to: tom@pcvklaw.com and
Tacoma, WA   98402                             bryan@pcvklaw.com

Declared under penalty of perjury dated at Seattle, Washington this 9th day of July, 2010.

/s/ Noelle H. Kvasnosky
Noelle H. Kvasnosky

DEFENDANT'S REPLY IN SUPPORT OF SPECIAL
MOTION TO STRIKE
(3:10-cv-05293 KLS) - 13
DWT 14987659v3 0092022-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700