THE HONORABLE KAREN L. STROMBOM

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KEN ARONSON,<br><br>                Plaintiff,<br><br>  v.<br><br>DOG EAT DOG FILMS, INC.,<br><br>                Defendant. | NO. 3:10-CV-05293-KLS<br><br>PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>NOTE FOR MOTION CALENDAR:<br><br>SEPTEMBER 9, 2010 |

## I.     RELIEF REQUESTED

Plaintiff requests the Court reconsider its Order Granting Defendant's Special Motion to Strike Plaintiff's Claims of Misappropriation of Likeness and Invasion of Privacy.

## II.     BACKGROUND FACTS

On August 31, 2010, the Court entered an Order Granting Defendant's Special Motion to Strike Plaintiff's Claims of Misappropriation of Likeness and Invasion of Privacy (the "order") and applied Washington's Anti-SLAPP Act to (1) dismiss Plaintiff's state law claims, (2) impose a $10,000 penalty on Plaintiff, and (3) award the defendant its attorneys' fees and costs.[1]

---

[1] *See generally* Order Granting Defendant's Special Motion to Strike Plaintiff's Claims of Misappropriation of Likeness and Invasion of Privacy, filed on August 31, 2010, Dkt. #23.

PLTFFS' MOT FOR RECONSIDERATION - 1 of 8

NO. 3:10-CV-05293-KLS

PFAU COCHRAN VERTETIS KOSNOFF PLLC
911 Pacific Ave., Suite 200
Tacoma, WA 98402
PHONE: (253) 777-0799
FACSIMILE: (253) 627-0654

### III. LEGAL ARGUMENT

The Court should reconsider and vacate its order because the application of Washington's Anti-SLAPP Act ("the Act") was manifest error as it (1) unduly burdens Plaintiff's right of access to the courts, (2) violates the separation of powers, and (3) violates the Washington constitution. Fed. R. Civ. P. 7(h)(1).

### A. ACCESS TO THE COURTS

Once a moving party brings a special motion to strike, Washington's Anti-SLAPP Act ("the Act") requires the responding party (always the plaintiff) to establish by clear and convincing evidence the probability of prevailing on his claims. *Id.* at § 2(4)(b). The statute, however, stays discovery and any motions upon the filing of the motion. *Id.* at § 2(5)(c).

The people have a right of access to courts; indeed, it is "the bedrock foundation upon which rest all the people's rights and obligations." *John Doe v. Puget Sound Blood Ctr.*, 117 Wn.2d 772, 780, 819 P.2d 370 (1991). A plaintiff's right of access to the courts includes the right of extensive discovery in order to effectively pursue his claim and uncover evidence. *Id.*; *Putman v. Wenatchee Valley Medical Center*, 166 Wn.2d 974, 979, 216 P.3d 374 (2009). By requiring Plaintiff to submit evidence supporting his claims prior to the discovery process, the Court's order violates Plaintiff's right of access to courts and is manifest error. *Id.*

The Court's application of the Act also blocked Plaintiff's access to the courts by requiring him to present clear and convincing evidence he would likely prevail (while blocking discovery), rather than a preponderance of the evidence. *Doe v. Gonzaga University*, 143 Wn.2d 687, 706, 24 P.3d 390 (2001). By imposing that higher burden, the Court's order was manifest error.

PLTFFS' MOT FOR RECONSIDERATION - 2 of 8
NO. 3:10-CV-05293-KLS

PFAU COCHRAN VERTETIS KOSNOFF PLLC
911 Pacific Ave., Suite 200
Tacoma, WA 98402
PHONE: (253) 777-0799
FACSIMILE: (253) 627-0654

B.  **SEPARATION OF POWERS**

The Court's order is manifest error as it violates the separation of powers doctrine by using the Act to improperly impose procedural rules that conflict with the Civil Rules. The civil rules only require a "short and plain statement of the claim" and a demand for relief in order to file a lawsuit. Fed. R. Civ. P. 8(a). Likewise, Fed. R. Civ. P. 11 circumscribes notice pleading to the extent that it must be well grounded in fact and warranted by existing law.

The *Putman* court held that the statute requiring the plaintiffs to submit evidence before they had an opportunity to conduct discovery conflicted with the civil rules regarding notice pleading – one of the primary components of our justice system. *Id*. If a statute conflicts with a court rule, the court rule will prevail in procedural matters and the statute will prevail in substantive matters. *Id*. at 980. *Putman* held the statute was procedural rather than substantive, as it addressed how to file a claim to enforce a right. *Id.* at 984-85. The statute did not address the primary rights of either party, which were rooted in the common law, and dealt only with the procedures to effectuate those rights. *Id.* at 982, 984-85. Therefore, as a procedural law it could not prevail over conflicting court rules.[2]

The same constitutional improprieties are present here. The Act imposed procedural requirements that conflict with FRCP 8 and FRCP 11 because it required Plaintiff to present clear and convincing evidence he will prevail. It also overwrites FRCP 12 and FRCP 56, which provide the standards the court must use to dismiss a claim, and it precludes use of the discovery tools contained in Fed. R. Civ. P. 26-37.

---

[2] The Washington Supreme Court recently reinforced *Putman* in *Waples v. Yi*, 169 Wn.2d 152, 158-62, 234 P.3d 187 (2010), where it held former RCW 7.70.100, which required ninety days notice of intent to file a malpractice claim, was an unconstitutional violation of the separation of powers doctrine.

PLTFFS' MOT FOR RECONSIDERATION - 3 of 8

NO. 3:10-CV-05293-KLS

PFAU COCHRAN VERTETIS KOSNOFF PLLC
911 Pacific Ave., Suite 200
Tacoma, WA 98402
PHONE: (253) 777-0799
FACSIMILE: (253) 627-0654

## C. VIOLATION OF ARTICLE II, SECTION 37 OF THE WASHINGTON CONSTITUTION

The Washington Constitution is designed to protect the people. One of the ways it does this is to preclude "sleeper" provisions in legislation. That is exactly what occurred here.

Article II, section 37 provides that: "No act shall ever be revised or amended by mere reference to its title, but the act revised or the section amended shall be set forth at full length." This section protects the legislature and public from fraud and deception, and avoids confusion, ambiguity and uncertainty. *State v. Tessema*, 139 Wn. App. 483, 488-89, 162 P.3d 420 (2007). No other search should be required to determine which sections are amended, and a new statute must show how it amends others. *Washington Ass'n of Neighborhood Stores v. State*, 149 Wn.2d 359, 372-73, 70 P.3d 920 (2003).

SSB 6395, which became the Act, purported to amend RCW 4.24 by creating new sections and prescribing penalties. RCW 4.24.510 partly provides that a person who communicates certain information to the government is immune from civil liability for doing so. *Skimming v. Boxer*, 119 Wn. App. 748, 758, 82 P.3d 707 (2004). The purpose is to protect such citizens by providing a defense for retaliatory lawsuits. *Valdez-Zontek v. Eastmont School Dist.*, 154 Wn. App. 147, 167, 225 P.3d 339 (2010).

SSB 6395 makes no mention of RCW 4.24.510 and does not set forth the text of that statute which it amended. Where RCW 4.24.510 provides immunity from civil liability to persons who communicate certain information to the government, the Act expands the definition of an action involving public participation giving it extraordinary sweep. No longer are communications with the government the subject of the legislation. Instead, it includes "[a]ny oral statement made, or written statement or other document submitted, in a place open

PLTFFS' MOT FOR RECONSIDERATION - 4 of 8
NO. 3:10-CV-05293-KLS

PFAU COCHRAN VERTETIS KOSNOFF PLLC
911 Pacific Ave., Suite 200
Tacoma, WA 98402
PHONE: (253) 777-0799
FACSIMILE: (253) 627-0654

to the public or a public forum in connection with an issue of public concern. *Id.* at (d). The legislation changed RCW 4.24.510 without setting forth how it did so, which violates article II, section 37, and the Court's order applying it was manifest error.

### D. VIOLATION OF ARTICLE II, SECTION 19 PROHIBITING MORE THAN ONE SUBJECT

SSB 6395 similarly violates the single-subject rule in article II, section 19 of the Washington Constitution, which provides that "[n]o bill shall embrace more than one subject, and that shall be expressed in the title. *Amalgamated Transit Union Local 587 v. State*, 142 Wn.2d 183, 206, 11 P.3d 762 (2000). There are two distinct prohibitions in article II, section 19: (1) no bill shall embrace more than one subject, to prevent pushing legislation through by attaching it to other legislation, and (2) no bill shall have a subject which is not expressed in its title, to notify members of the Legislature and the public of its subject matter. *Id.* at 207.

SSB 6395 violates both requirements. First, SSB 6395 addressed more than one subject. While SSB 6395 purported to limit lawsuits involving petitioning government, it implicates lawsuits, like this one, that have nothing to do with petitioning government. By doing so, it inhibits such lawsuits through its draconian requirements. This affects two different types of lawsuits, and involves two different subjects, which violates article II, section 19. The Court's application of it to Plaintiff's claims is manifest error.

Second, SSB 6395 encompasses something far beyond its title. The title of SSB 6395 is "[a]n act relating to lawsuits aimed at chilling the valid exercise of the constitutional rights of speech *and* petition." [Emphasis added.] The title is in the conjunctive and states the right of petitioning government is what is covered by the Act. Section 4 states the act may be cited as the "Washington Act Limiting Strategic Lawsuits Against Public Participation."

PLTFFS' MOT FOR RECONSIDERATION - 5 of 8

NO. 3:10-CV-05293-KLS

PFAU COCHRAN VERTETIS KOSNOFF PLLC
911 Pacific Ave., Suite 200
Tacoma, WA 98402
PHONE: (253) 777-0799
FACSIMILE: (253) 627-0654

But the Act involves lawsuits, like this one, that are not SLAPP lawsuits and have nothing to do with petitioning government. In enforcing the Act, the Court relied upon § (2)(d) that defines "an action involving public participation and petition" as "[a]ny oral statement made, or written statement or other document submitted in a place open to the public or a public forum in connection with an issue of public concern." In other words, the Act involves petitioning government, but then defines petitioning government as something other than petitioning government. The Washington Constitution protects against such shenanigans. Article II, section 19 has been violated, and the Court's order imposing the Act on Plaintiff's claims is the result of manifest error and should be reversed.

## VI.   CONCLUSION

Plaintiff respectfully requests the Court reconsider and vacate its Order Granting Defendant's Special Motion to Strike Plaintiff's Claims of Misappropriation of Likeness and Invasion of Privacy because it is the result of manifest error.

RESPECTFULLY submitted this 9th day of September 2010.

By: _____
Thomas B. Vertetis, WSBA No. 29805
Jason P. Amala, WSBA No. 37054

Pfau Cochran Vertetis Kosnoff PLLC
911 Pacific Ave., Suite 200
Tacoma, WA 98402
Phone: 253-777-0799
Fax: 253-627-0654
thomas@pcvklaw.com
jason@pcvklaw.com
Attorneys for Plaintiff

PLTFFS' MOT FOR RECONSIDERATION - 6 of 8

NO. 3:10-CV-05293-KLS

PFAU COCHRAN VERTETIS KOSNOFF PLLC
911 Pacific Ave., Suite 200
Tacoma, WA 98402
PHONE: (253) 777-0799
FACSIMILE: (253) 627-0654

THE HONORABLE KAREN L. STROMBOM

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KEN ARONSON,

          Plaintiff,

   v.

DOG EAT DOG FILMS, INC.,

          Defendant.

NO. 3:10-CV-05293-KLS

CERTFICATE OF SERVICE

I, Jason Amala, hereby certify that on today's date, I caused to be filed electronically Plaintiff's Motion for Reconsideration with the court, using the CM/ECF system, which will send email notification of such filing to the below addresses, and I served a true and correct copy of the following documents by the method indicated below and addressed as follows:

__X__   CM/ECF Notification via email service to:   Bruce E. H. Johnson, at brucejohnson@dwt.com and Noelle Kvasnosky, at noellekvasnosky@dwt.com.

I declare under penalty of perjury under the laws of the United States of America, 28 U.S.C. ¶ 1746, that the foregoing is true and correct.

Dated this 9th day of September 2010 in Seattle, Washington.

PLTFFS' MOT FOR RECONSIDERATION - 7 of 8

NO. 3:10-CV-05293-KLS

PFAU COCHRAN VERTETIS KOSNOFF PLLC
911 Pacific Ave., Suite 200
Tacoma, WA 98402
PHONE: (253) 777-0799
FACSIMILE: (253) 627-0654

1
2   By _____
       Jason Amala
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

PLTFFS' MOT FOR RECONSIDERATION - 8 of 8

NO. 3:10-CV-05293-KLS

PFAU COCHRAN VERTETIS KOSNOFF PLLC
911 Pacific Ave., Suite 200
Tacoma, WA 98402
PHONE: (253) 777-0799
FACSIMILE: (253) 627-0654