The Honorable Karen L. Strombom

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | | |
|---|---|---|
| KEN ARONSON, | ) | No. 3:10-CV-05293-KLS |
| Plaintiff, | ) ) ) | DEFENDANT'S MOTION FOR ATTORNEYS' FEES AND COSTS |
| v. | ) ) | UNDER RCW 4.24.525 |
| DOG EAT DOG FILMS, INC., | ) ) | **NOTE ON MOTION CALENDAR: OCTOBER 8, 2010** |
| Defendant. | ) ) ) ) | |

## I.   RELIEF REQUESTED

Pursuant to the Court's order of August 31, 2010 and RCW 4.24.525 (Washington Anti-SLAPP Act), Dog Eat Dog Film, Inc. ("Defendant") respectfully moves this Court to enter an award in favor of Defendant for $46,965 in attorneys' fees and $697.80 in costs that Defendant reasonably incurred in bringing its Special Motion to Strike under Washington's Anti-SLAPP Act, and for $10,000 statutorily prescribed by RCW 4.24.525(6)(a).

## II.   STATEMENT OF FACTS

DEFENDANT'S MOTION FOR ATTORNEYS' FEES AND
COSTS UNDER RCW 4.24.525 (3:10-cv-05293 KLS) - 1
DWT 15480387v4 0092022-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

On August 31, 2010, the Court granted Defendant's Special Motion to Strike Plaintiff's Claims of Misappropriation of Likeness and Invasion of Privacy Claims under Washington's newly-enacted Anti-SLAPP Act, RCW 4.24.525.[1]  In its Order, the Court found that Ken Aronson's ("Plaintiff's") claims of misappropriation of likeness and invasion of privacy fell within the ambit of the Washington Anti-SLAPP Act because they arose from the use of video footage in a documentary film about the healthcare debate, an issue of public concern.  Declaration of Bruce E.H. Johnson, Ex. A at 5-9.  The Court awarded Defendant its reasonable attorneys' fees and costs incurred in presenting that motion as well as the statutorily prescribed amount of $10,000.  *Id*. at 17.  This was the first substantive decision to apply the newly-enacted Washington Anti-SLAPP Act. Defendant now moves this Court to enter an award for the attorneys' fees and costs it incurred in bringing its successful motion.[2]

### III.     ARGUMENT AND AUTHORITY

**A.     Defendant is entitled to recover its reasonable attorneys' fees and costs incurred in bringing its successful Special Motion to Strike.**

The Court granted Defendant's Special Motion to Strike and dismissed Plaintiff's claims of invasion of privacy and misappropriation of likeness, making Defendant a prevailing party under the Washington Anti-SLAPP Act.  Accordingly, Defendant is entitled to recover "[c]osts of litigation and any reasonable attorneys' fees incurred in connection with each motion on which the moving party prevailed."  RCW 4.24.525(6)(a).

---

[1] A true and correct copy of the Court's Order of August 31, 2010 is attached as Exhibit A to the Declaration of Bruce E.H. Johnson.
[2] Plaintiff has filed a Notice of Appeal of the Court's August 31st Order to the Ninth Circuit, as well as a Motion for Reconsideration.  Defendant is likely to continue to incur fees and costs in connection with its Special Motion to Strike as a result of either or both Plaintiff's appeal and Motion for Reconsideration.  Defendant reserves the right to bring a motion at a later date for the award of any such subsequent fees and costs it incurs.

DEFENDANT'S MOTION FOR ATTORNEYS' FEES AND
COSTS UNDER RCW 4.24.525 (3:10-cv-05293 KLS) - 2
DWT 15480387v4 0092022-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

1    Defendant's Special Motion to Strike required the Court to examine the newly-
2    enacted Washington Anti-SLAPP law for the first time.  As such, this will be the first fee
3    award under this statute.  To guide this Court in its determination of the amount of the fee
4    award, both the statute itself and legislative history show the fee-shifting provision is a
5    fundamental part of the Washington Anti-SLAPP Act.  The Washington legislature made a
6    fee and cost award *mandatory* to the prevailing party, limited only by the reasonableness of
7    such fees and costs.  RCW 4.24.525(6)(a).  This shows the Legislature's intent to
8    discourage SLAPP lawsuits by imposing the litigation costs on any party seeking to "chill
9    the valid exercise of the constitutional rights of freedom of speech and petition for the
10   redress of grievances." Laws of 2002, ch. 232, § 1.

Additionally, though not yet addressed under Washington law, it is well-settled that the mandatory fee-shifting provisions of anti-SLAPP statutes in other states are applicable in actions in federal court.  *See, e.g.*, *Verizon Del., Inc. v. Covad Comm'ns Co.*, 377 F.3d 1081, 1091 (9th Cir. 2004); *United States ex rel. Newsham v. Lockheed Missiles & Space Co., Inc.,* 190 F.3d 963, 971-73 (9th Cir. 1999).

**B.    The attorneys' fees and costs Defendant seeks are reasonable.**

Because the Washington Anti-SLAPP Act mandates that Defendant recover its attorneys' fees and costs incurred in connection with its anti-SLAPP motion, the only issue remaining for the Court to determine is the reasonableness of the fees and costs Defendant seeks.  Under Washington law, typically the party requesting attorneys' fees must establish that the amount of the attorneys' fees is reasonable. *Scott Fetzer Co. v. Weeks,* 122 Wn.2d 141, 151 (1993).  The amount of a reasonable award of attorneys' fees is generally left to

DEFENDANT'S MOTION FOR ATTORNEYS' FEES AND
COSTS UNDER RCW 4.24.525 (3:10-cv-05293 KLS) - 3
DWT 15480387v4 0092022-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

the sound discretion of the trial court.[3] *See, e.g., Absher Constr. Co. v. Kent Sch. Dist.*, 79 Wn. App. 841, 847 (1995). Where a Washington statute is silent on how reasonable fees are to be determined (as here), a Washington court generally follows the lodestar method. *See, e.g., Sanders v. State*, 2010 Wash. LEXIS 810 (Wash. 2010) (applying lodestar method to determine reasonability of attorneys' fees request in Public Records Act case); *Scott Fetzer Co. v. Weeks*, 114 Wn.2d 109 (Wash. 1990) (award of attorneys' fees under Washington's long-arm statute). The lodestar is determined by multiplying a reasonable number of hours by a reasonable hourly rate. *Bowers v. Transamerica Title Ins. Co.*, 100 Wn. 2d 581, 597 (1983); *Scott Fetzer Co.*, 114 Wn. 2d at 150. To reach the lodestar amount, the court will look at the reasonableness of the hours expended, determine if the hourly fees charged were reasonable, and then multiply the number of hours by the hourly fee. *See, e.g., Sanders*, 2010 Wash. LEXIS 810 at 56-57; *Scott Fetzer Co.*, 114 Wn.2d at 150.

This fee request is based upon the actual invoices reflecting the recorded daily time entries for each attorney or paralegal who performed services in connection with Defendant's Motion to Strike, multiplied by the agreed upon billing rate at the time that the services were performed. Declaration of Bruce E.H. Johnson at ¶ 9. DWT's time entry practices are described in detail in the Johnson Declaration at ¶¶ 10-11. The Johnson Declaration likewise details the services and costs for which Defendant seeks recovery. Johnson Decl. *Id.* at ¶ 9.

---

[3] Likewise, this court may find instructive that federal courts awarding fees under California's anti-SLAPP act's mandatory fee-shifting provision have found "[t]he court has broad discretion in determining the reasonable amount of attorney fees and costs to award to a prevailing defendant." *Metabolife Int'l, Inc. v. Wornick*, 213 F. Supp. 2d 1220, 1222 (S.D. Cal. 2002) (calculating fee award under California Anti-SLAPP act); *see also Kearney v. Foley and Lardner*, 553 F. Supp. 2d 1178 (S.D. Cal. 2008) (same).

DEFENDANT'S MOTION FOR ATTORNEYS' FEES AND
COSTS UNDER RCW 4.24.525 (3:10-cv-05293 KLS) - 4
DWT 15480387v4 0092022-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

### 1. Defendant's lawyers worked a reasonable number of hours in bringing the Special Motion to Strike.

Defendant's counsel spent a reasonable number of hours to bring the Special Motion to Strike, and managed the work load efficiently and economically. Johnson Decl. at ¶ 5. A third-year associate attorney, Noelle Kvasnosky, was primarily responsible for preparing the motion, spending 90.9 hours on legal research, strategy and analysis, drafting the Special Motion to Strike and related matters. *Id*. Senior partner Bruce Johnson worked 32.1 hours to provide legal analysis and strategy, review and edit the Special Motion to Strike and the reply to plaintiff's opposition. *Id*. Paralegal Jennifer Chermoshnyuk worked 29.4 hours to provide support in coordinating and preparing the motion's supporting declarations and filing the motion. *Id*. Defendant is not requesting reimbursement for the fees of other DWT attorneys—including DWT media attorneys well-versed in litigating anti-SLAPP motions in federal court— or for the librarians and document clerks who assisted in bringing the Special Motion to Strike and whose time was charged to Defendant. Johnson Decl. at ¶ 7. The fact that Defendant is not seeking reimbursement for such time underscores the reasonableness of its request.

### 2. Defendant's lawyers charged a reasonable fee to bring the Special Motion to Strike.

DWT's billing rates are generally near the midpoint of the range of rates for attorneys and paralegals of similar tenure at comparable firms, according to surveys of billing rates for Seattle area law firms. Declaration of L. Keith Gorder at ¶ 3. The Gorder Declaration provides greater detail about the reasonability of Mr. Johnson and Ms. Kvasnosky's individual rates in relation to peer lawyers in the Seattle market. *Id.*

DEFENDANT'S MOTION FOR ATTORNEYS' FEES AND
COSTS UNDER RCW 4.24.525 (3:10-cv-05293 KLS) - 5
DWT 15480387v4 0092022-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

For this engagement, Davis Wright Tremaine ("DWT") billed Defendant for Mr. Johnson and Ms. Kvasnosky's services at a "blended" hourly rate of $340.  Johnson Decl. at ¶ 6.  This blended rate reflects the relative experience of Mr. Johnson and Ms. Kvasnosky and how the activities associated with research are most efficiently undertaken.  Gorder Decl. at ¶ 4.  For instance, in connection with the Motion to Strike for which fees are sought, Ms. Kvasnosky worked 90.9 hours and Mr. Johnson worked 32.1 hours.  *Id.*  Based upon this proportion of work performed multiplied by the standard rates the weighted rate would be $328, 3.6% lower than the blended rate charged of $340. *Id.* at ¶ 4.  The hourly rate for paralegal Jennifer Chermoshnyuk was $175.  *Id.* at ¶ 3.

### 3. The lodestar amount is reasonable.

After calculating a lodestar fee, the court may consider whether the lodestar should be adjusted to reflect factors not already taken into consideration.  *See*, *e.g.*, *Bowers,* 100 Wn. 2d at 598-99; *Allard v. First Interstate Bank of Wash.*, 112 Wn. 2d 145, 149 (1989).  Under Ninth Circuit precedent, "[t]here is a strong presumption that the lodestar figure represents a reasonable fee." *Morales v. City of San Rafael,* 96 F.3d 359, 363 n.8.  "Only in rare instances should the lodestar figure be adjusted on the basis of other considerations," *Harris v. Marhoefer,* 24 F.3d 16, 18 (9th Cir. 1994), and then only if doing so is necessary in light of factors not already subsumed in the initial lodestar calculation.  *Morales,* 96 F.3d at 363-64 & n.10; *accord, Ballen v. City of Redmond*, 466 F.3d 736, 746 (9th Cir. 2006).  Additional factors relevant to the lodestar in this case are discussed in turn below.

1. **Novelty and Complexity of Issues:** Bringing Defendant's Special Motion to Strike under the newly-enacted Washington Anti-SLAPP Act involved specialized legal

DEFENDANT'S MOTION FOR ATTORNEYS' FEES AND
COSTS UNDER RCW 4.24.525 (3:10-cv-05293 KLS) - 6
DWT 15480387v4 0092022-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

expertise, and required an understanding of the interplay between and among constitutional mandates, statutory privileges, federal and state procedure, and case law.  Johnson Decl. at ¶ 8.  Indeed, Mr. Johnson assisted in drafting Washington's Anti-SLAPP Act.  *Id*.  Defendant's counsel spent significant time and resources to research the newly-enacted statute, its legislative history, and comparable statutes in other jurisdictions with comparable legislation.  *Id*.

    2**.**  **Quality of Representation:**  Given Defendant's lawyers' experience in defending media entities (as detailed in the Johnson Declaration), Defendant received efficient, quality representation in litigating this issue of first impression.

    3.  **Customary fees.**  Defendant seeks an award for fees that are in line with the customary rates DWT charges for similar services.  *Id.* at ¶ 13.

    4.  **Awards in similar cases.**  Because this is an issue of first impression, there are not yet any attorneys' fees awards under Washington's Anti-SLAPP act against which to compare the reasonability of the fees Defendant requests here.  However, numerous awards under California's anti-SLAPP act show that the fees Defendant requests are well below those that have been considered reasonable in other circumstances.  For example, last year in *Fleming v. Coverstone*, 2009 U.S. Dist. LEXIS 53825 (S.D. Cal. 2009), the court found a rate of $425.00 for a partner and $ 245.00 for a senior associate to be reasonable for an anti-SLAPP Motion in San Diego, the average of which ($335) is just five dollars different than the blended rate Defendant's counsel has charged here ($340).  Additionally, numerous awards under other states' laws show that court have regularly affirmed the reasonableness of fee requests that are similar to, or much greater than, the amount requested by Defendant.  *See*, *i.e.*, *Metabolife Int'l, Inc. v. Wornick,* 213 F. Supp.

DEFENDANT'S MOTION FOR ATTORNEYS' FEES AND
COSTS UNDER RCW 4.24.525 (3:10-cv-05293 KLS) - 7
DWT 15480387v4 0092022-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

2d 1220, 1228 (awarding $318,687.99 in attorneys' fees under California's anti-SLAPP act, including fees incurred in appeal to Ninth Circuit Court of Appeals); *Ketchum v. Moses*, 24 Cal. 4th 1122, 1139 (Cal. 2001) (affirmed a lodestar amount of more than $70,000 in attorneys' fees and costs for a prevailing SLAPP defendant); *Rosenaur v. Scherer*, 88 Cal. App. 4th 260, 281 (Cal. App. 2001) (affirming an award of over $65,000 to a prevailing SLAPP defendant.)

### IV.   CONCLUSION

The above criteria demonstrate that Defendant seeks reasonable fees and costs for prevailing on its Special Motion to Strike under Washington's Anti-SLAPP Act. Accordingly, the Defendant respectfully requests this Court award it $46,965 in attorneys' fees, $697.80 in costs, and the statutorily prescribed amount of $10,000.

DATED this 22 day of September, 2010.

By  DAVIS WRIGHT TREMAINE LLP
     Attorneys for Defendant Dog Eat Dog Films, Inc.

 /s/ Bruce E. H. Johnson
Bruce E. H. Johnson, WSBA # 7667
Noelle Kvasnosky, WSBA # 40023
Suite 2200
1201 Third Avenue
Seattle, Washington  98101-3045
Telephone:   (206) 757-8069
Fax:              (206) 757-7069
E-mail:    brucejohnson@dwt.com
               noellekvasnosky@dwt.com

DEFENDANT'S MOTION FOR ATTORNEYS' FEES AND COSTS UNDER RCW 4.24.525 (3:10-cv-05293 KLS) - 8
DWT 15480387v4 0092022-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

**CERTIFICATE OF SERVICE**

I hereby certify that on the 22 day of September, 2010, I caused to be filed electronically the above and foregoing document with the court, using the CM/ECF system, which will send email notification of such filing to the below addressees, and I served a true and correct copy of the following documents by the method indicated below and addressed as follows:

| | |
|---|---|
| **Attorneys for Plaintiff:** | _____ U.S. Mail |
| Thomas Brian Vertetis | _____ Hand Delivery |
| Brian D. Doran | _____ Overnight Mail |
| Pfau Cochran Vertetis Kosnoff PLLC | _____ Facsimile |
| 911 Pacific Avenue | X    Email |
| Suite 200 | X    CM/ECF Notification via email |
| Tacoma, WA  98402 | service to: tom@pcvklaw.com and bryan@pcvklaw.com |
| | |
| Philip Talmadge | X    U.S. Mail |
| Talmadge Fitzpatrick | _____ Hand Delivery |
| 18010 Southcenter Parkway, | _____ Overnight Mail |
| Tukwila, WA 98188-4630 | _____ Facsimile |

Declared under penalty of perjury dated at Seattle, Washington this 22nd day of September, 2010.

/s/ Noelle H. Kvasnosky
Noelle H. Kvasnosky

DEFENDANT'S MOTION FOR ATTORNEYS' FEES AND COSTS UNDER RCW 4.24.525 (3:10-cv-05293 KLS) - 9
DWT 15480387v4 0092022-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700