UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KEN ARONSON,

      Plaintiff,

  v.

DOG EAT DOG FILMS, INC.,

      Defendant.

Case No. C10-5293 KLS

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

      This matter comes before the Court on Plaintiff's motion for reconsideration of this Court's Order Granting Defendant's Special Motion to Strike Plaintiff's Claims of Misappropriation of Likeness and Invasion of Privacy.  The Court, having reviewed the motion for reconsideration and the remaining file, is fully informed and **DENIES** the motion for the reasons stated herein.

      This Court's Order, dated August 31, 2010, held that Plaintiff's state law claims for invasion of privacy and misappropriation of likeness are based on conduct that is protected by the Washington Anti-SLAPP Act.  The Court found that Plaintiff cannot show by clear and convincing evidence the probability of prevailing on his state law claims.  Accordingly, Plaintiff's state law claims were dismissed.  Pursuant to mandate of the Anti-SLAPP statute, the prevailing party Defendant was awarded reasonable attorneys fees, costs, and the statutory award of ten thousand dollars.  Dkt. 23.

      Plaintiff seeks reconsideration of the Order, asserting the Court committed manifest error.

ORDER - 1

This purported error is premised on the argument that application of Washington Anti-SLAPP (1) unduly burdens Plaintiff's right to access to the courts, (2) violates the separation of powers, and (3) violates the Washington constitution. These constitutional arguments are raised for the first time in this motion for reconsideration.[1]

Pursuant to Local Rules W.D. Wash. CR 7(h)(1), motions for reconsideration are disfavored, and will ordinarily be denied unless there is a showing of (a) manifest error in the prior ruling, or (b) facts or legal authority which could not have been brought to the attention of the court earlier, through reasonable diligence.  Plaintiff asserts manifest error.

Local Rule 7(h) is the functional equivalent of a motion to alter or amend a judgment under Fed. R. Civ. P. 59(e).  See *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991).

Fed. R. Civ. P. 59(e) provides a mechanism for a court to alter, amend, or vacate a prior order.  *Hamid v. Price Waterhouse*, 51 F.3d 1411, 1415 (9th Cir. 1994).  "While Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir.2003); *Kona Enters. v. Estate of Bishop*, 229 F.3d 877, 890-91 (9th Cir. 2000).   "Rule 59(e) amendments are appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law."  *Dixon v. Wallowa County,* 336 F.3d 1013, 1022 (9th Cir.2003).  This standard is a "high hurdle."  *Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001).  Neither the Local Civil Rules nor the Federal Rules of Civil Procedure, which allow for a motion for reconsideration, is intended to provide litigants with a second bite at the apple.

---

[1] Plaintiff's response to the special motion to strike argued (1) that Defendant failed to meet its burden of showing that Plaintiff's claims are subject to an Anti-SLAPP motion, (2) that Defendant failed to prove that judgment should be entered as a matter of law, and (3) a reasonable jury could find that the Defendant knowingly misappropriated and publicly disclosed Plaintiff's film footage, song lyrics, voice, and likeness without his permission.  Dkt. 19.

ORDER - 2

Rule 59(e) motions "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009); *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir.2003). Rule 59(e) "does not provide a vehicle for a party to undo its own procedural failures [or] allow a party to introduce new evidence or advance new arguments that could and should have been presented to the district court prior to the judgment." *DiMarco-Zappa v. Cabanillas*, 238 F.3d 25, 34 (1st Cir. 2001). Matters that were not presented in the first instance by a well-represented party are not considered on a motion for reconsideration. See *389 Orange Street Partners v. Arnold,* 179 F.3d 656, 665 (9th Cir. 1999). As made clear by the Ninth Circuit, a motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enter., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

This is precisely what Plaintiff has done in this motion; Plaintiff raises arguments for the first time that could reasonably have been raised earlier in the litigation. While Plaintiff does cite certain alleged new authorities in support of his arguments, the Court properly disregards these citations since Plaintiff has not explained why the authorities could not have been raised earlier.

Considering the arguments and facts presented to the Court in the special motion to strike, there is no manifest error in the Court's Order. Plaintiff is not entitled to reconsideration.

ACCORDINGLY

IT IS ORDERED:

Plaintiff's Motion for Reconsideration [Dkt. 24] is **DENIED.**

DATED this 28th day of September, 2010.

Karen L. Strombom
United States Magistrate Judge

ORDER - 3