THE HONORABLE KAREN L. STROMBOM

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KEN ARONSON,<br><br>               Plaintiff,<br><br>v.<br><br>DOG EAT DOG FILMS, INC.,<br><br>               Defendant. | NO. 3:10-CV-05293-KLS<br><br>PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR ATTORNEYS' FEES AND COSTS UNDER RCW 4.24.525<br><br>NOTE FOR MOTION CALENDAR:<br><br>OCTOBER 8, 2010 |

## I.   RELIEF REQUESTED

Plaintiff respectfully requests the Court deny the defendant's motion because (1) it seeks to profit from misrepresentations the defendant made to Plaintiff and the Court; (2) it seeks to impose retroactive penalties for a complaint that was filed before the Anti-SLAPP legislation became effective; and, (3) it relies on insufficient evidence and requests an unreasonable amount for fees and costs (more than many Tacoma lawyers make in a single year) for a single motion. In the alternative, the Court should stay any penalties under the statute until Plaintiff's pending appeal is resolved.

PLTFFS' OPP TO DEF'S MOT FOR FEES - 1 of 14
NO. 3:10-CV-05293-KLS

PFAU COCHRAN VERTETIS KOSNOFF PLLC
911 Pacific Ave., Suite 200
Tacoma, WA 98402
PHONE: (253) 777-0799
FACSIMILE: (253) 627-0654

## II. BACKGROUND FACTS

The defendant became aware of this case on September 25, 2009, when its talent agent was served with a copy of the complaint and a letter suggesting an early mediation.[1]

The complaint was filed on April 27, 2010,[2] and served on April 29, 2010.[3] Although the defendant's answer was due within twenty days, its lead counsel requested an extension under the guise that "I will be getting married next week, and then going on a honeymoon to New Zealand, and will return to my office on June 7, 2010. Accordingly, I would appreciate an extension regarding the deadline or deadlines to file the Answer to Complaint and any Motion in response to the Complaint to June 9, 2010."[4] Plaintiff stipulated to an extension based on that representation,[5] and the Court granted the stipulated continuance.[6]

As it turns out, the representation was false, or was a calculated misrepresentation aimed at abusing the legislative and judicial process: as the defendant knew by drafting it, the Washington Anti-SLAPP Act ("the Act") was not effective until June 10, 2010.[7]

The defendant used its continuance to file its answer the day before its handcrafted legislation became effective, disclosing its Anti-SLAPP defense for the first time,[8] and filed

---

[1] Declaration of Service, Vertetis Decl., Ex. 1.
[2] *See generally* Complaint, Dkt. #1 (filed on April 27, 2010).
[3] Declaration of Service, Vertetis Decl., Ex. 2.
[4] Letter from Johnson to Vertetis, dated May 18, 2010, Vertetis Decl., Ex. 3.
[5] Vertetis Decl., at ¶ 4.
[6] Stipulation and Order to Extend Defendant's Deadline to Answer the Complaint and/or Make Any Motion in Response to the Complaint, Dkt. # 12 (filed on May 25, 2010).
[7] Final Bill Report, SSB 6395, Vertetis Decl., Ex. 4.
[8] Answer and Affirmative and Other Defenses, Dkt. # 13 (filed June 9, 2010), at ¶ 6.11.

PLTFFS' OPP TO DEF'S MOT FOR FEES - 2 of 14
NO. 3:10-CV-05293-KLS

PFAU COCHRAN VERTETIS KOSNOFF PLLC
911 Pacific Ave., Suite 200
Tacoma, WA 98402
PHONE: (253) 777-0799
FACSIMILE: (253) 627-0654

its motion to strike the day after its legislation became effective.[9] Its newly disclosed time entries reflect this was not coincidental timing: instead, the defendant was furiously working to apply its legislation to this case when it represented that it needed a continuance because its lead counsel would be out of the country.[10] This includes numerous entries prior to May 18, 2010, where the defendant strategized on how to apply its legislation,[11] and numerous entries between that date and June 7, 2010, where its lead counsel, who was supposedly out-of-the-country and unable to work on this case, continued working on its special motion to strike.[12]

When it was filed, the motion contained ten pages of legal analysis. Of those ten pages, four analyzed the Act[13] and six analyzed Plaintiff's underlying claims.[14] Other than asserting a higher burden of proof because of the Act, those six pages contain no reference to the Act. In other words, sixty-percent of the motion was devoted to issues that it would have had to research and brief regardless of any motion to strike. Moreover, out of eleven pages of legal analysis in its reply, two (18%) were devoted to the Act[15] and nine (82%) were devoted to the unrelated, underlying claims.[16]

Adding the above numbers, only 28.6% of the motion analyzed the Act, while 71.4% analyzed the unrelated, underlying claims. Despite the fact that 71.4% was devoted to

---

[9] *See generally* Defendant's Special Motion to Strike Plaintiff's Claims of Misappropriation of Likeness and Invasion of Privacy, Dkt. #15 (filed on June 11, 2010).

[10] Declaration of Bruce E.H. Johnson in Support of Defendant's Motion for Attorneys' Fees and Costs Under RCW 4.24.525, Dkt. #31 (filed on September 22, 2010), Exhibit E, at 39-52.

[11] *Id.* at 39-43.

[12] *Id.* at 43-52.

[13] Defendant's Special Motion to Strike Plaintiff's Claims of Misappropriation of Likeness and Invasion of Privacy, Dkt. #15 (filed on June 11, 2010), at 4-6, 13.

[14] *Id.* at 7-12.

[15] Defendant's Reply in Support of Special Motion to Strike, Dkt. # 21 (filed July 9, 2010), at 1-2.

PLTFFS' OPP TO DEF'S MOT FOR FEES - 3 of 14
NO. 3:10-CV-05293-KLS

PFAU COCHRAN VERTETIS KOSNOFF PLLC
911 Pacific Ave., Suite 200
Tacoma, WA 98402
PHONE: (253) 777-0799
FACSIMILE: (253) 627-0654

argument unrelated to the Act, the defendant makes no effort to distinguish how much of the $47,000 it seeks to recover was spent on the 28.6% related to the Act.[17]

While the evidence the defendant has submitted makes it impossible for Plaintiff or the Court to decipher how much of the <u>152.4 hours</u> was actually spent researching and writing regarding the Act, a handful of entries reflect why it cannot genuinely request $47,000 in fees:

(1) $272 for a "[t]elephone conference with Mr. Weinrib and Mr. Keating regarding case background and proposed defense strategy (.5);"[18]

(2) $374 to "Review film 'Sicko' to identify material REDACTED," *Id.* at 40;

(3) $408 to "REDACTED research defenses to misappropriation claims (.2)," to "[r]eview motion to dismiss strategy issues (.5)," and to "REDACTED strategize and evaluate options for motion to dismiss (.5)," *Id.* at 41;

(4) $816 to "meet with Ms. Lim to get information and materials about Aronson v. Turnbow, including copies of the VHS tapes of the original master tapes of the home video at issue and travel time to Ms. Lim's Tacoma office; ... direct paralegal in copying VHS tapes to DVD (.2)," *Id.* at 41;

(5) $315 to "[r]esearch vendors and obtain estimates for video transfer (1.2); deliver videos to ProLumina for transfer to DVD (.6)," *Id.* at 42;

(6) $306 to "research and strategize support for defenses and motions, including fair use and Washington Anti-SLAPP motion to strike (.6)" and to "analyze potential motion to dismiss cases (.3)," *Id.* at 43;

(7) $155.50 to "[r]eview possible motion to dismiss arguments, etc." and to "[r]evew video for clip breakdown (.5)," *Id.* at 44;

(8) $1,924.50 to "[w]ork on motion to dismiss strategy issues, etc.," to "[r]esearch, analyze, and strategize early options to dismiss case," to

---

[16] *Id.* at 3-11.

[17] *See generally* Declaration of Bruce E.H. Johnson in Support of Defendant's Motion for Attorneys' Fees and Costs Under RCW 4.24.525, Dkt. #31 (filed on September 22, 2010), including Exhibit E.

[18] Declaration of Bruce E.H. Johnson in Support of Defendant's Motion for Attorneys' Fees and Costs Under RCW 4.24.525, Dkt. #31 (filed on September 22, 2010), Exhibit E, at 40.

PLTFFS' OPP TO DEF'S MOT FOR FEES - 4 of 14
NO. 3:10-CV-05293-KLS

PFAU COCHRAN VERTETIS KOSNOFF PLLC
911 Pacific Ave., Suite 200
Tacoma, WA 98402
PHONE: (253) 777-0799
FACSIMILE: (253) 627-0654

"[c]omplete identification and location of video clips used in film (.7)," to "[w]ork on dismissal analysis," to "[r]eview length of individual clips used in 'Sicko' from the underlying work (.2)," and to "[a]nalyze and research claims, and draft memorandum regarding best options for summary adjudication of claims," *Id.* at 45;

(9)  $1,428 to "[r]eview possible motion to dismiss cases (.6); additional legal research regarding same (.3)," to ""[r]esearch public interest defense, and documentary films as First Amendment protected speech (1.0); analyze and draft memorandum with options for summary adjudication (0.5)," and to [r]eview analysis regarding motion to dismiss strategy, etc. (.6); review cases regarding same (.2); analyze and draft dismissal arguments (.7); review preemption cases (.3)," *Id.* at 46;

(10) $3,366 to "[r]esearch and draft Special Motion to Strike state law claims of misappropriation of likeness and invasion of privacy under Anti-SLAPP Act (6.7); REDACTED research whether the Copyright Act preempts plaintiff's state law claims for Motion to Strike under Anti-SLAPP Act (1.0)," *Id.* at 47-48;

(11) $1,768 to "REDACTED research Washington statute of limitations for invasion of privacy (other than false light) and misappropriation of likeness for Anti-SLAPP Motion to Strike (1.2); draft notice of filing physical materials to accompany Motion to Strike (0.2)," *Id.* at 49;

(12) $1,190 to "research case law support for argument in Anti-SLAPP motion that a documentary film qualifies as 'speech' (1.5); research, analyze, and draft argument for Anti-SLAPP motion that plaintiffs' state law claims are preempted by section 301 (2.0)," *Id.* at 50;

(13) $2,380 to "[r]esearch and draft Reply in Support of Special Motion to Strike (6.6)," *Id.* at 58;

(14) $578 to "review additional Anti-SLAPP cases, commercial speech and First Amendment decisions, and analyze same (1.7)," *Id.*;

(15) $4,386 to "[r]esearch and draft Reply in Support of Special Motion to Strike," *Id.* at 59;

(16) Another $3,536 to "[r]esearch, draft and finalize Reply in Support of Special Motion to Strike," *Id.*

PLTFFS' OPP TO DEF'S MOT FOR FEES - 5 of 14
NO. 3:10-CV-05293-KLS

PFAU COCHRAN VERTETIS KOSNOFF PLLC
911 Pacific Ave., Suite 200
Tacoma, WA 98402
PHONE: (253) 777-0799
FACSIMILE: (253) 627-0654

Even with the scant information the defendant has provided, it is apparent the $23,203 in fees listed above are unrelated to any factual or legal research the defendant was separately required to do in order to file its motion to strike. Additionally, the defendant's own evidence reflects its request for $46,965 in fees and costs is excessive by $1,521. Under its rates, the maximum it can request is $24,088.50 for the work of Kvasnosky (90.9 x $265/hour); $16,210.50 for the work of Johnson (32.1 x $505/hour); and, $5,145 for the work of Chermoshnyuk (29.4 x $175/hour).[19] Under its own billing standards, the maximum the defendant can request is $45,444. This is in stark contrast to the twenty hours and $6,000 in fees Plaintiff incurred in responding to the motion.[20]

### III.   EVIDENCE RELIED UPON

This opposition brief relies upon the Declaration of Thomas B. Vertetis in Support of Plaintiff's Opposition to Defendant's Motion for Attorneys' Fees and Costs Under RCW 4.24.525 ("Vertetis Decl."), as well as the pleadings, exhibits, and documents previously filed in this case.

### IV.   LEGAL ARGUMENT

The Court should deny the defendant's motion because (1) it seeks to profit from its misrepresentations; (2) it seeks to impose retroactive penalties for a complaint that was filed before the Act became effective; and, (3) it relies on insufficient evidence and requests an unreasonable amount for fees and costs for a <u>single</u> motion. In the alternative, the Court should stay any penalties under the statute until Plaintiff's pending appeal is resolved.

---

[19] Declaration of Bruce E.H. Johnson in Support of Defendant's Motion for Attorneys' Fees and Costs Under RCW 4.24.525, Dkt. #31 (filed on September 22, 2010), at ¶¶ 3-5 (reflecting the hourly rates and hours billed); Declaration of L. Keith Gorder, Jr., in Support of Defendant's Motion for Attorneys' Fees and Costs, Dkt. #32 (filed on September 22, 2010), at ¶¶ 3-4 (reflecting the hourly rates and hours billed).

[20] Vertetis Decl., at ¶ 6.

PLTFFS' OPP TO DEF'S MOT FOR FEES - 6 of 14
NO. 3:10-CV-05293-KLS

PFAU COCHRAN VERTETIS KOSNOFF PLLC
911 Pacific Ave., Suite 200
Tacoma, WA 98402
PHONE: (253) 777-0799
FACSIMILE: (253) 627-0654

**First,** the Court should refuse to allow the defendant to profit from the misrepresentation it made to Plaintiff and the Court in order to ensure its answer and motion were filed after the effective date of the Act. The Court should not endorse a judicial system where a party can handcraft overly broad, "sleeper" legislation targeted at the opposing party, use a misrepresentation to obtain a continuance until its legislation becomes effective, and then ask the Court to award $57,000 in penalties based on its legislation. *Interstate Fire & Casualty Co., v. Underwriters of Lloyd's, London*, 139 F.3d 1234, 1239 (9th Cir. 1998) (a trial court has discretion to apply judicial estoppel to protect the integrity of the judicial process); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (a trial court has inherent power to manage its proceedings and control the conduct of parties, including the inherent authority to sanction bad faith conduct that threatens the integrity of the judicial process).

The defendant already obtained substantial relief through the Act, including the dismissal of certain claims under a higher burden of proof. The Court should protect the integrity of the judicial process by refusing to further reward the defendant for its misrepresentation and its abuse of the legislative and judicial process.

Moreover, Plaintiff asked the Court to reconsider its decision to apply the Act because the Washington constitution protects its citizens from "sleeper" legislation that violates Article II, Section 37, and overly broad legislation that violates Article II, Section 19.[21] The Court refused because it concluded Plaintiff failed to raise these issues in response to the defendant's motion and pointed to no new evidence that would justify reconsideration.[22]

---

[21] Plaintiff's Motion for Reconsideration, Dkt. #24 (filed September 9, 2010), at 4-6.
[22] Order Denying Plaintiff's Motion for Reconsideration, Dkt. # 33 (filed September 28, 2010).

PLTFFS' OPP TO DEF'S MOT FOR FEES - 7 of 14
NO. 3:10-CV-05293-KLS

PFAU COCHRAN VERTETIS KOSNOFF PLLC
911 Pacific Ave., Suite 200
Tacoma, WA 98402
PHONE: (253) 777-0799
FACSIMILE: (253) 627-0654

The defendant's time entries, which Plaintiff could not have obtained until it voluntarily disclosed them, provide that new evidence and justify the Court (1) reconsidering its decision and (2) refusing to impose any penalties. Respectfully, they highlight why application of the Act was manifest error and resulted in an injustice that justifies relief. Fed. R. Civ. P. 60(b)(2), (6). The defendant plainly used its overly broad, sleeper legislation to attack this case, and now wants extra credit for doing so. The Court should revisit its decision to deny Plaintiff's motion for reconsideration. The civil rules are to be construed to promote justice, not to endorse a party's abuse of the legislative and judicial process. Fed. R. Civ. P. 1.

**Second,** the Court should deny the defendant's motion because it seeks to retroactively impose penalties using a statute that was not effective until after this case was filed. *Johnston v. Beneficial Management Corp. of America*, 85 Wn.2d 637, 642-43, 583 P.2d 510 (1975) (a statute that creates a new liability or imposes a penalty will not be construed to apply retroactively); *Chenault v. U.S. Postal Service,* 37 F.3d 535, 537-38 (1994) (a court must examine each provision of a statute to determine whether it can be applied retroactively, which it should not absent clear legislative intent); *Martin v. Hadix*, 527 U.S. 343, 352-55, 357-62 (1999) (statute regarding fees and costs should not impose "new legal consequences to events completed before its enactment" and "upset the reasonable expectations of the parties"). The defendant can point to no "unambiguous directive" or similar language in the Act that suggests the legislature intended to impose a $10,000 penalty and $47,000 in fees and costs for a complaint filed before its effective date.

**Third,** and at most, the Court should substantially reduce the defendant's fees and costs because 152.4 hours and $46,964 for a <u>single</u> motion is excessive and unreasonable,

PLTFFS' OPP TO DEF'S MOT FOR FEES - 8 of 14
NO. 3:10-CV-05293-KLS

PFAU COCHRAN VERTETIS KOSNOFF PLLC
911 Pacific Ave., Suite 200
Tacoma, WA 98402
PHONE: (253) 777-0799
FACSIMILE: (253) 627-0654

particularly where 71.4% of that motion had nothing to do with the Act. *Loeffelholz v. Citizens for Leaders with Ethics & Accountability Now*, 119 Wn. App. 665, 711, 82 P.3d 1119 (2004) (a fee award must be segregated between recoverable fees and non-recoverable fees).

This is not a case where the issues are "so related that no reasonable segregation of successful and unsuccessful claims can be made." *Hume v. Am. Disposal Co.*, 124 Wn.2d 656, 673, 880 P.2d 988 (1994). To the contrary, at least $23,203 of the fees requested by the defendant is for work unrelated to the Act or for overlapping work (such as the request for more than $7,000 to write, and then apparently re-write, its reply brief).

Similarly, this is not a case, for example, where claims arise out of a contract or statute that provides for fees and costs so the party is entitled to them. *Cf. e.g. Deep Water Brewing, LLC, v. Fairway Resources Ltd.*, 152 Wn. App. 229, 278, 215 P.3d 990 (2009). Absent the Act, the defendant would not have been entitled to any fees and costs if it had defeated Plaintiff's claims through a motion to dismiss, on summary judgment, or by verdict. For that reason, it is not entitled to fees and costs for work unrelated to the Act. *Dayton v. Farmers Ins. Group*, 124 Wn.2d 277, 280, 876 P.2d 896 (1994) (a court may only award fees and costs for that portion of the lawsuit for which fees are authorized).

Given that only 28.6% of the defendant's work was related to the Act, a more appropriate method of calculating fees is to award the defendant 28.6% of the fees it actually earned under its own standard billings rates:

$24,088.50 for the work of Kvasnosky (90.9 x $265/hour) x 28.6% = $6,889.31

$16,210.50 for the work of Johnson (32.1 x $505/hour) x 28.6% = $4,636.20

$5,145 for the work of Chermoshnyuk (29.4 x $175/hour) x 28.6% = $1,471.47

PLTFFS' OPP TO DEF'S MOT FOR FEES - 9 of 14
NO. 3:10-CV-05293-KLS

PFAU COCHRAN VERTETIS KOSNOFF PLLC
911 Pacific Ave., Suite 200
Tacoma, WA 98402
PHONE: (253) 777-0799
FACSIMILE: (253) 627-0654

TOTAL: $12,996.98.

Additionally, because Johnson represented he was unavailable to work during the time he now claims he worked almost every day, the Court should reduce that total by another $991.85 ($3,468 of claimed work x 28.6%) to $12,005.13.

However, because the defendant failed to segregate and failed to provide sufficient information for Plaintiff or the Court to decipher how much of the remaining fees are recoverable, the Court should error on the side of reducing the fee request in order to avoid over-compensating the defendant. *Bowers v. Transamerica Title Ins. Co.*, 100 Wn.2d 581, 587-98, 675 P.2d 193 (1983) (an attorney must provide "reasonable documentation" that informs the court of the hours worked and the type of worked performed); *Scott Fetzer v. Weeks*, 122 Wn.2d 141, 151, 859 P.2d 1210 (1993) (the party requesting fees and costs bears the burden of proving the reasonableness of the fees); *Kastanis v. Educ. Employees Credit Union*, 122 Wn.2d 483, 514-15, 859 P.2d 26 (1993) (trial court erred by failing to segregate).

The Court should reduce the defendant's request to $10,000. Even using the "blended rate" of $340/hour, $10,000 compensates the defendant for almost 30 hours of work. This number is particularly appropriate where the defendant "assisted in drafting Washington's Anti-SLAPP Act," and where Plaintiff only incurred twenty hours of work and $6,000 in fees in responding to the defendant's motion. The defendant can pay its counsel $275/hour, $340/hour, or $505/hour because of their pedigree in these matters, but they cannot genuinely claim it is reasonable for that same counsel to spend 152.4 hours on a single motion.

**Finally,** given that Plaintiff has filed an appeal regarding the Court's order granting the defendant's motion to strike and the Court's order denying Plaintiff's motion for

PLTFFS' OPP TO DEF'S MOT FOR FEES - 10 of 14
NO. 3:10-CV-05293-KLS

PFAU COCHRAN VERTETIS KOSNOFF PLLC
911 Pacific Ave., Suite 200
Tacoma, WA 98402
PHONE: (253) 777-0799
FACSIMILE: (253) 627-0654

reconsideration,[23] Plaintiff respectfully requests the Court stay any penalties until the appeal is resolved. Fed. R. Civ. P. 62(c). A stay is appropriate because (1) Plaintiff has demonstrated a strong showing that he will succeed on appeal where the Act was not intended to apply to the claims at issue and is unconstitutional; (2) Plaintiff, a single man, faces severe prejudice and harm in the form of financial ruin if he is ordered to pay a $10,000+ penalty before his appeal is resolved, (3) a stay will not substantially injure the defendant where the $10,000 penalty is punitive and not compensatory, and where the majority of the $47,000 in fees was unrelated to the Act, and (4) the public interest lies in allowing Plaintiff to pursue his appeal so these constitutional matters may be resolved. *Hilton v. Braunskill*, 481 U.S. 770, 776-77 (1987).

While Plaintiff understands the Court rejected his motion for reconsideration, the Court did so because it concluded Plaintiff failed to raise constitutional issues in response to the defendant's motion and no new evidence justified reconsideration. But respectfully, a party may raise jurisdictional issues at any time, and the Ninth Circuit will consider constitutional issues when an "injustice might otherwise result" or when public policy requires review. *Diamond Door Co. v. Lane-Stanton Lumber Co.*, 505 F.2d 1199, 1206 (1974); *see also Levinson v. Washington Horse Racing Com'n*, 48 Wn. App. 822, 828, 740 P.2d 898 (1987) (a party may raise a constitutional issue as late as a motion for reconsideration from a Court of Appeals decision); RAP 2.5(a)(3) (a party may raise a "manifest error affecting a constitutional right" for the first time on appeal).

---

[23] Amended Notice of Appeal, Dkt. #34 (filed on September 30, 2010).

PLTFFS' OPP TO DEF'S MOT FOR FEES - 11 of 14
NO. 3:10-CV-05293-KLS

PFAU COCHRAN VERTETIS KOSNOFF PLLC
911 Pacific Ave., Suite 200
Tacoma, WA 98402
PHONE: (253) 777-0799
FACSIMILE: (253) 627-0654

Given the Act took effect after Plaintiff filed suit, given the defendant's newly disclosed time entries show it obtained a continuance through fraud in order to take advantage of its overly broad, "sleeper" legislation, given the defendant's motion raised issues of first impression, given the numerous unconstitutional issues raised by the Act and the Court's order, given the injustice that will result if Plaintiff's claims were dismissed under an unconstitutional statute, and given the injustice that will result if an unconstitutional statute is used to impose a $10,000+ penalty on Plaintiff, it is highly likely the Ninth Circuit will accept review, and as outlined in Plaintiff's motion for reconsideration, Plaintiff has demonstrated a strong showing the Act will be declared inapplicable or unconstitutional.

Plaintiff should not be used as the guinea pig for an unlawful statute that was rushed through the legislature by the defendant. The integrity of the judicial process weighs strongly in favor of reconsideration or a stay.

## V.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court deny the defendant's motion, or in the alternative, stay any penalties pending Plaintiff's appeal.

Respectfully submitted this 4th day of October 2010.

By: _____
Thomas B. Vertetis, WSBA No. 29805
Jason P. Amala, WSBA No. 37054

Pfau Cochran Vertetis Kosnoff PLLC
911 Pacific Ave., Suite 200
Tacoma, WA 98402
Phone: 253-777-0799
Fax: 253-627-0654

PLTFFS' OPP TO DEF'S MOT FOR FEES - 12 of 14
NO. 3:10-CV-05293-KLS

PFAU COCHRAN VERTETIS KOSNOFF PLLC
911 Pacific Ave., Suite 200
Tacoma, WA 98402
PHONE: (253) 777-0799
FACSIMILE: (253) 627-0654

thomas@pcvklaw.com
jason@pcvklaw.com
Attorneys for Plaintiff

THE HONORABLE KAREN L. STROMBOM

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KEN ARONSON,<br><br>            Plaintiff,<br><br>v.<br><br>DOG EAT DOG FILMS, INC.,<br><br>            Defendant. | NO. 3:10-CV-05293-KLS<br><br>CERTFICATE OF SERVICE |

    I, Terry Asbert, hereby certify that on today's date, I caused to be filed electronically (1) Plaintiff's Opposition to Defendant's Motion for Attorneys' Fees and Costs Under RCW 4.24.525, and (2) the Declaration of Thomas B. Vertetis in Support of Plaintiff's Opposition to Defendant's Motion for Attorneys' Fees and Costs Under RCW 4.24.525, with the court, using the CM/ECF system, which will send email notification of such filing to the below addresses, and I served a true and correct copy of the following documents by the method indicated below and addressed as follows:

PLTFFS' OPP TO DEF'S MOT FOR FEES - 13 of 14
NO. 3:10-CV-05293-KLS

PFAU COCHRAN VERTETIS KOSNOFF PLLC
911 Pacific Ave., Suite 200
Tacoma, WA 98402
PHONE: (253) 777-0799
FACSIMILE: (253) 627-0654

___X___ CM/ECF Notification via email service to: Bruce E. H. Johnson, at brucejohnson@dwt.com and Noelle Kvasnosky, at noellekvasnosky@dwt.com.

I declare under penalty of perjury under the laws of the United States of America, 28 U.S.C. ¶ 1746, that the foregoing is true and correct.

Dated this 4th day of October 2010 in Seattle, Washington.

By _____/s/ Terry Asbert_____
  Terry Asbert

PLTFFS' OPP TO DEF'S MOT FOR FEES - 14 of 14
NO. 3:10-CV-05293-KLS

PFAU COCHRAN VERTETIS KOSNOFF PLLC
911 Pacific Ave., Suite 200
Tacoma, WA 98402
PHONE: (253) 777-0799
FACSIMILE: (253) 627-0654