THE HONORABLE KAREN L. STROMBOM

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KEN ARONSON,

          Plaintiff,

    v.

DOG EAT DOG FILMS, INC.,

          Defendant.

NO. 3:10-CV-05293-KLS

DECLARATION OF THOMAS B. VERTETIS IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR ATTORNEYS' FEES AND COSTS UNDER RCW 4.24.525

NOTE FOR MOTION CALENDAR:

OCTOBER 8, 2010

ORAL ARGUMENT REQUESTED

I, Thomas B. Vertetis, declare and state as follows:

    1.     I am a partner with Pfau Cochran Vertetis Kosnoff PLLC, I am over the age of 18, I am one of the attorneys for the Plaintiffs in this case, I am competent to testify to the facts of this case, and I make the following declaration based upon my own personal knowledge.

DECL OF TBV ISO PLFF'S OPP RE: FEES - 1 of 3
NO. 3:10-CV-05293-KLS

PFAU COCHRAN VERTETIS KOSNOFF PLLC
701 Fifth Avenue, #4730
Seattle, WA 98104
PHONE: (206) 462-4334
FACSIMILE: (206) 623-3624

2.      Attached as Exhibit 1 is a true and correct copy of the Declaration of Service showing service of the enclosed letter and draft complaint on the defendant's talent agent.

3.      Attached as Exhibit 2 is a true and correct copy of the Declaration of Service showing service of the summons and complaint on the defendant.

4.      Attached as Exhibit 3 is a true and correct copy of a letter from Johnson to Vertetis, dated May 18, 2010.  Based on Mr. Johnson's representation that he was getting married and would be out of the country and unavailable to work on this case, I stipulated to his request for a continuance to file the defendant's answer and any motions related to the complaint.  I relied on Mr. Johnson's representation and would not have stipulated to a continuance if I knew that Mr. Johnson intended to continue working on this case during the time he said he was unavailable and if I know that Mr. Johnson was going to use the continuance to ensure the defendant's motion to strike was filed after the Anti-SLAPP legislation became effective.

5.      Attached as Exhibit 4 is a true and correct copy of Final Bill Report, SSB 6395, which reflects the Anti-SLAPP Act did not become effective until June 10, 2010.

//

//

//

//

//

//

DECL OF TBV ISO PLFF'S OPP RE: FEES - 2 of 3
NO. 3:10-CV-05293-KLS

6.      Our office worked approximately twenty hours, at $300/hour, responding to the defendant's special motion to strike.

I declare under penalty of perjury under the laws of the United States of America, 28 U.S.C. ¶ 1746, that the foregoing is true and correct.

Dated this 4th day of October 2010 in Tacoma, Washington.

PFAU COCHRAN VERTETIS KOSNOFF PLLC

By _____
          Thomas B. Vertetis, WSBA No. 29805
          thomas@pcvklaw.com
          Attorneys for Plaintiff

DECL OF TBV ISO PLFF'S OPP RE: FEES - 3 of 3

NO. 3:10-CV-05293-KLS

# EXHIBIT 1



Pfau Cochran Vertetis Kosnoff

JUL 1 3 2010

Tacoma office

IN THE
UNITED STATES DISTRICT COURT WESTERN DISTRICT OF WASHINGTON, AT TACOMA

KEN ARONOSON,

                                    Plaintiff/Petitioner

vs.
DOG EAT DOG FILMS, INC.,

                                    Defendant/Respondent

Hearing Date:

CAUSE NO:

DECLARATION OF SERVICE OF:
LETTER DATED 09/17/09 WITH A COPY OF COMPLAINT

The undersigned hereby declares: That s(he) is now and at all times herein mentioned was a citizen of the United States, over the age of eighteen, not an officer of a plaintiff corporation, not a party to nor interested in the above entitled action, and is competent to be a witness therein.

On the **25th day of September, 2009**, at **12:04 PM**, at the address of **ENDEAVOR, 9601 WILSHIRE Boulevard, BEVERLY HILLS, Los Angeles** County, **CA 90210**; this declarant served the above described documents upon **DOG EAT DOG FILMS, INC.,**, by then and there personally delivering **1** true and correct copy(ies) thereof, by then presenting to and leaving the same with **LILY SIMMONS PERSON IN CHARGE OF LEGAL DEPARTMENT, A white female approx. 30-35 years of age 5'4"-5'6" in height weighing 140-160 lbs with black hair.**

No Information was provided or discovered that indicates that the subjects served are members of the U.S. military.

Service Fee Total: **$170.00**

Declarant hereby states under penalty of perjury under the laws of the State of **Washington** that the statement above is true and correct.

DATED this **2nd** day of **July, 2010**.

_____
**John Gonzalez, Reg. # 2971, Los Angeles, CA**

FOR: **Pfau Cochran Vertetis Kosnoff -Tacoma**   ORIGINAL PROOF
                                                 OF SERVICE

Tracking #: **6088420 SEA**



633 Yesler Way  Seattle, WA 98104   www.abclegal.com
206-521-9000    Fax: 206-625-9247

# PROCESS  SERVICE  INVOICE

Bill To:

**Pfau Cochran Vertetis Kosnoff -Tacoma
911 Pacific Ave, #200
Tacoma, WA 98402**

Client Attn:
Order Attn:  JEANNE
Account #:   107080

Fax:       -
Phone: 253 777-0799

INVOICE #:  **6088420**

DATE:       Jul 6 2010
BILL REF:

**AMOUNT DUE :  $170.00**

| | |
|---|---|
| CASE NAME: | KEN ARONOSON,  vs. DOG EAT DOG FILMS, INC., |
| SERVEE: | DOG EAT DOG FILMS, INC., |
| PERSON SERVED: | LILY SIMMONS PERSON IN CHARGE OF LEGAL DEPARTMENT  A white female approx. 30-35 years of age 5'4"-5'6" in height weighing 140-160 lbs with black hair |
| SERVICE DATE: | Sep 25 2009 12:04PM     SERVED BY:  J. Gonzalez |
| SERVICE ADDRESS: | ENDEAVOR 9601 WILSHIRE BLVD BEVERLY HILLS, CA 90210 |
| DOCUMENTS SERVED: | LETTER DATED 09/17/09 WITH A COPY OF COMPLAINT |

SERVICE HISTORY

| | | |
|---|---|---|
| 09/25/2009 | Local Service Event: Served | 09/25/09 12:04 (SVD PRI) |
| 09/24/2009 | Bad Address | |
| 09/24/2009 | Local Service Event: Bad/Address | 09/23/09 09:40 (B/A PRI) ADDRESS EXECUTIVE SUITES PER RECEPTIONIST AGENT OR BUSINESS NO LONGER TENANTS AS OF FIVE YEARS AGO MOVED TO 9601 WILSHIRE BLVD BEVERLY HILLS C.A. 90210 BUSINESS CALLED ENDEAVOR |
| 09/22/2009 | Re-Routed | Re-routed to Los Angeles by arak |
| 09/21/2009 | Work Order Received and Entered | |

SERVICE NOTE

LILY SIMMONS PERSON IN CHARGE FOR LEGAL DEPARTMENT
VERIFIED THAT ARI EMMANUEL IS THE CHIEF EXECUTIVE
OFFICER OF ENDEAVOR MS. SIMMONS REFUSED TO EXCEPT
SERVICE DOCUMENTS DROPED

BAD ADDRESS LIST

9701 WILSHIRE BLVD   10TH FLOOR BEVERLY HILLS CA   90212

INVESTIGATION STATUS:
:

| SERVICE  PERFORMED | NOTE | RATE |
|---|---|---|
| RUSH | | 55.00 |
| Domestic Service (Forwarded) | | 115.00 |

| | |
|---|---|
| SUB TOTAL | 170.00 |
| PREPAID RETAINER | 0.00 |
| **AMOUNT DUE** | **170.00** |



Documents are served in accordance with and pursuant to; the statutes or court rules of the jurisdiction in which the matter originates, and/or the statutes or court rules of the state in which service took place, and client instructions. If service was substituted on another person or left with a person who refused to identify him or herself, it is incumbent upon the client to notify ABC and/or PFI immediately, in writing, if further attempts to serve, serve by mail, or investigate are required.

**OFFICAL  PROCESS  SERVER  TO
U.S. DEPT. OF JUSTICE AND U.S. STATE DEPT.**

Page 1 of 1



## PFAU COCHRAN VERTETIS KOSNOFF

A Professional Limited Liability Company

Columbia Tower
701 Fifth Avenue, Suite 4730
Seattle, WA 98104
(206) 462-4334
(206) 623-3624 Fax

Metzger Building
911 Pacific Avenue, Suite 200
Tacoma, WA 98402
(253) 777-0799
(253) 627-0654 Fax

Thomas B. Vertetis
Email:     Tom@PCVKLaw.com
Direct No.: (253) 777-0797

September 17, 2009

Ari Emanuel
9701 Wilshire Blvd – 10th Floor
Beverley Hills, California

     Re:    Aronson v. Dog Eat Dog Films, Inc.

Dear Mr. Emanuel:

    You have been served, as registered agent for Dog Eat Dog Films, Inc., with a Complaint for Damages brought by my client, Ken Aronson. Mr. Aronson has authorized me to give Dog Eat Dog 30 days to consider a negotiated settlement before filing this matter is U.S. Federal District Court. If you, or the attorneys for Dog Eat Dog, would like to discuss this case with me I will be happy to oblige.

    As you consider your position, I would like for you to have an idea of who Mr. Aronson is, and the irony of this case. Mr. Aronson suffered a severe and debilitating auto accident several years ago. The driver was uninsured, and Mr. Aronson fell victim to the health care deficiencies highlighted in Mr. Moore's film, Sicko. He is a man of humble means, and humble sensibilities. But he knows he has been wronged.

    It is beyond reasonable dispute that Dog Eat Dog obtained a video and a song that Mr. Aronson had copyrights to, and used them in the movie Sicko. Dog Eat Dog had ample notice that Mr. Aronson authored the video, and was a co-author of the song "Oh England" used in the film Sicko. It is also

September 17, 2009
Page 2

undisputed that Sicko has generated tens of millions of dollars, and will continue to for years to come. Mr. Aronson is entitled to, at least, a percentage of the gross profits equal to the percentage of time his copyrighted material appeared in Sicko. In other words, approximately 1% of gross profits. I anticipate projected profits will be well in excess of $100 million within the life of Mr. Aronson's copyright. The 1% figure is arguably quite low: as Sicko Producer Anne Moore said of the clip, Mr. Aronson's humorous recording provided "much needed comic relief." A jury could reasonably conclude that Mr. Aronson's contribution to Sicko is far greater than 1% -- it is an awfully entertaining component to the movie.

Mr. Aronson has been much embarrassed by his unexpected appearance in an international film: he is shown singing his song, Oh England, in a manner that is not becoming to him, and undermines his reputation as a professional musician. He has no desire to shine more light on this embarrassment. No one, save conservative pundits, would benefit from the media attention this case risks generating. Mr. Aronson prefers a quiet and reasonable settlement, and I am happy to facilitate that up to a point. Mr. Aronson is in agreement that absent a fair settlement offer he will seek his relief from a jury. I look forward to your correspondence, if you are so inclined, but I will file suit on October 17, 2009, if this matter is not resolved by that date.

Thank you for your prompt attention to this matter.

Sincerely,

Thomas B. Vertetis

TBV:jll
Encl.
30035.00001

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**IN THE UNITED STATES DISTRICT COURT**
**IN AND FOR THE STATE OF WASHINGTON**
**WESTERN DISTRICT AT TACOMA**

| | |
|---|---|
| KEN ARONOSON,<br><br>                              Plaintiff,<br><br>    vs.<br><br>DOG EAT DOG FILMS, INC.,<br><br>                              Defendant. | NO.<br><br>**COMPLAINT**<br><br>**[JURY DEMANDED]** |

## I.    INTRODUCTION AND REQUEST FOR RELIEF

1.1    This is an action by Ken Aronson, an individual, ("Plaintiff), by and through his attorneys Pfau Cochran Vertetis Kosnoff, LLC, and Thomas B. Vertetis and Bryan D. Doran, to recover damages arising from infringement of his copyrights by Dog Eat Dog Production, Inc. (Defendant).  Specifically, Defendant distributed and continues to distribute, portions of Plaintiff's home video which is protected by common law copyright and is subject to a pending Federal Copyright application.  In addition, Defendant distributed, and continues to distribute, copyrighted song "Oh England," co-authored by Plaintiff.  Both infringements are willful and warrant monetary damages pursuant to 17 U.S.C. §504.

COMPLAINT 1 of 6
08-2-02542-7

PFAU COCHRAN VERTETIS KOSNOFF, PLLC
911 Pacific Avenue, Suite 200
Tacoma, WA 98402
PHONE: (253) 777-0799  FACSIMILE:

## II.   THE PARTIES

2.1     Ken Aronson is a private individual with a residence in Hoquiam, Washington.

2.2     Upon information and belief, Dog Eat Dog Productions, Inc., (Defendant) is a Delaware corporation with its principle place of business at New York, New York.   Upon information and belief, Defendant is engaged in the business of producing, advertising, marketing, and distributing documentary films created by Michael Moore.   Upon information and belief, Defendant regularly transacts substantial business in this district, including distributing Michael Moore documentaries to movie theaters and as DVD rentals.

## III.   JURISDICTION AND VENUE

3.1     This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement pursuant to 17 U.S.C. §501 and 28 U.S.C. §§1331 and 1338(a).

3.2     Venue in this district is proper under 28 USC §§1391 and 1400 because a substantial part of the events giving rise to the claims asserted herein arise in this district, and Defendants, upon information and belief, are and at all times were doing business in this district.

## IV. JURY DEMAND

4.1     Plaintiff Ken Aronson requests that this matter be tried before a jury.

## V. FACTS

5.1     Plaintiff Ken Aronson, and an individual named Eric Turnbow, traveled together to London, England approximately ten years ago.   Plaintiff brought with him a video camera and recorded portions of his trip.

5.2     Plaintiff recorded a live performance of the copyrighted song, "Oh England," part of a compilation called "I'm Alive," which is copyrighted under the name Eric Turnbow.   This

COMPLAINT 2 of 7
08-2-02542-7

compilation has been mass produced as a CD which lists Aronson as a co-author of "Oh England." The video recording includes Plaintiff's likeness.

5.3     Plaintiff also recorded a scene in which Eric Turnbow attempted to walk across Abby Road on his hands, fell, injured his shoulder, received medical treatment at a local English hospital, and was discharged. The video includes audio commentary by Plaintiff.

5.4     Upon returning to the United States, Turnbow offered to make a VHS copy of the video footage for Plaintiff. The camera created a "Beta" tape, and Turnbow had the appropriate conversion equipment. Turnbow kept a VHS copy for himself, unbeknownst to Plaintiff.

5.5     Turnbow states that the video itself was Aronson's, as was the video camera used to create the tape. Plaintiff is the sole videographer of this recording.

5.6     Around February of 2006, Michael Moore sent out to his fans, Turnbow included a request for health care stories in preparation for his documentary film, *Sicko*. Turnbow reports having had a medical problem years before in the United States where he found his health care treatment inadequate. He contrasted that with the care he received in England ten years earlier. Turnbow heard back from Moore's assistant Christine Fall and was told that though they received 25,000 submissions, Turnbow's intrigued them.

5.7     Turnbow submitted a VHS tape to Dog Eat Dog Films, along with the CD "I'm Alive" which included a jacket noting Ken Aronson as co-author of the song "Oh England." Turnbow reports he was sent, and signed, a release permitting Moore to use his materials. Turnbow further reports that he mentioned Ken Aronson, by name, as the individual in the video who accompanied him to England.

COMPLAINT 3 of 6
08-2-02542-7

PFAU COCHRAN VERTETIS KOSNOFF, PLLC
911 Pacific Avenue, Suite 200
Tacoma, WA 98402
PHONE: (253) 777-0799  FACSIMILE:

5.8     Plaintiff was not contacted by any agent of Michael Moore, nor did he give his permission to anyone to use his video tape, or the song "Oh England." Defendant was or should have been aware that Ken Aronson was co-author of "Oh England." Defendant had in its possession a CD jacket identifying Plaintiff as co-author.   Defendant was or should have been aware that Ken Aronson was the sole videographer of the footage used in their film. Turnbow identified Aronson to Dog Eat Dog agents, and the footage clearly demonstrates that Turnbow was not the videographer. His friend, identified to Dog Eat Dog as Aronson, clearly was.  Despite reasonable notice of Aronson's copyrights, consent was not obtained before distribution.

5.9     Defendant Dog Eat Dog Films, Inc. generated substantial profits as a result of this film, and profits are on-going.

## VI. Causes of Action

### COUNT I

### Copyright Infringement

6.1     Plaintiff is, and at relevant times has been, a copyright owner under United States copyright law of the video production described above.

6.2     Defendant's distribution of its infringing film, Sicko, without authorization by Plaintiff infringes Plaintiff's exclusive copyright in his video pursuant to 17 U.S.C. §501.

6.3     Plaintiff is entitled to recover from Defendant the amount of his actual damages incurred as a result of the infringement, in such amount as is shown by appropriate evidence upon the trial of this case. 17 U.S.C. §504.

### COUNT II

### Copyright Infringement

COMPLAINT 4 of 6
08-2-02542-7

PFAU COCHRAN VERTETIS KOSNOFF, PLLC
911 Pacific Avenue, Suite 200
Tacoma, WA 98402
PHONE: (253) 777-0799  FACSIMILE:

6.4     Plaintiff is, and at relevant times has been, a joint copyright owner under United States copyright law of the "Oh England" song described above.

6.5     Defendant's distribution of its infringing film, Sicko, without authorization by Plaintiff infringes Plaintiff's exclusive copyright in his song pursuant to 17 U.S.C. §501.

6.6     Plaintiff is entitled to recover from Defendant the amount of his actual damages incurred as a result of the infringement, in such amount as is shown by appropriate evidence upon the trial of this case. 17 U.S.C. §504.

6.7     Plaintiff is also entitled to recover their attorneys' fees and costs of suit. 17 U.S.C. §505.

### COUNT III

### Invasion of Privacy

6.8     Defendant's unauthorized distribution of Plaintiff's home video gave publicity to a matter concerning Plaintiff's private life in violation of Plaintiff's right to privacy.

6.9     As a result of the publication, Mr. Aronson suffered negative public comment from community members and suffered negative impact to his business expectancy.

6.10    Plaintiff is entitled to damages in an amount to be specified at trial.

### COUNT IV

### Misappropriation of Likeness

6.11    Defendant's unauthorized distribution of Plaintiff's home video to the public exposed Plaintiffs likeness without his consent and for pecuniary gain.

6.12    Plaintiff is entitled to damages in an amount to be specified at trial.

## VII. PRAYER FOR RELIEF

COMPLAINT 5 of 6
08-2-02542-7

PFAU COCHRAN VERTETIS KOSNOFF, PLLC
911 Pacific Avenue, Suite 200
Tacoma, WA 98402
PHONE: (253) 777-0799  FACSIMILE:

WHEREFORE, Plaintiff respectfully requests judgment against the Defendant as follows:

(1) That the Court order Defendant to pay Plaintiff's actual and consequential damages incurred, in an amount to be determined at trial;

(2) That the Court order Defendant to disgorge to Plaintiff all profits derived by Defendant from its unlawful acts;

(3) That the Court order Defendant to pay Plaintiff's litigation expenses, including reasonable attorney's fees and costs of this action; and

(4) That the Court grants Plaintiff any such further relief as the Court may deem just and proper.

Dated this ___ day of _____, 2009.

PFAU COCHRAN VERTETIS KOSNOFF, PLLC

By _____
    Thomas B. Vertetis, WSBA No. 29805
    tom@pcvklaw.com
    Bryan D. Doran, WSBA No. 38480
    bryan@pcvklaw.com
    Attorneys for Plaintiff

    911 Pacific Avenue, Suite 200
    Tacoma, WA 98402
    Phone: 253.777.0799
    FAX: 253.6270654

COMPLAINT 6 of 7
08-2-02542-7



| SEATTLE | TACOMA | BELLEVUE | EVERETT | OLYMPIA |
|---|---|---|---|---|
| 633 YESLER WAY | 943 TACOMA AVE. SO. | 10655 NE 4TH | 2927 ROCKEFELLER | 119 WEST LEGION WAY |
| SEATTLE, WA 98104 | TACOMA, WA 98402 | SUITE L101 | EVERETT, WA 98201 | OLYMPIA, WA 98501 |
| PH: 206-623-8771 | PH: 253-383-1791 | BELLEVUE, WA 98004 | PH: 425-258-4591 | PH: 360-754-6595 |
| 800-736-7295 | 800-736-7250 | PH: 425-455-0102 | 800-869-7785 | 800-828-0199 |
| FAX: 206-625-9247 | FAX: 253-272-9359 | FAX: 425-455-3153 | FAX: 425-252-9322 | FAX: 360-357-3302 |
| scn@abclegal.com | tac@abclegal.com | bel@abclegal.com | eve@abclegal.com | oly@abclegal.com |

**abclegal.com**

| FIRM NAME (required) | PHONE (required) | EMAIL | ABC CLIENT# (required) | DATE |
|---|---|---|---|---|
| Pfau Cochran Vertetis Kosnoff | 253-777-0799 | jeanne@pcvklaw.com | 107080 | 9/17/2009 |

| ADDRESS | CITY | STATE | ATTORNEY |
|---|---|---|---|
| 911 Pacific Avenue, Suite 200 | Tacoma | WA 98402 | Tom Vertetis |

| CASE NAME | CLIENT MATTER/REFERENCE # | SUPPORT STAFF (required) |
|---|---|---|
| Aronson v. Dog Eat Dog Films, Inc. | | J Lyon |

| DOCUMENTS TO SERVE | CAUSE # |
|---|---|
| Letter dated 9.17.09 with copy of Complaint | N/A |

**FILING**

| LAST DAY FOR FILING | STATUTE DATE | COUNTY | COURT | FILE 1ST: THEN SERVE | SERVE 1ST,THEN FILE | SERVE ONLY | SERVE CIVIL CASE SCHEDULE | RETURN CONFORMED DOCUMENT | FILE ORIGINAL PROOF WITH COURT Yes (initials) | NO |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | ☐ | ☐ | ☒ | ☐ | ☐ | ☒ | ☐ |

**PROCESS**

| SERVE BY DATE | NUMBER OF SETS TO SERVE | # TO POST | # TO MAIL | GOV'T ENTITY | CORP | INDIVIDUALLY ONLY HIM | ABODE ONLY HER | ABODE SERVICE CO-RES OK | HEARING DATE |
|---|---|---|---|---|---|---|---|---|---|
| 9.24.09 | 1 | | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ | |

**INVESTIGATIONS**

LOCATE: ☐ PERSON ☐ ASSETS ☐ BANK ACCOUNT
☐ SURVEILLANCE ☐ BACKGROUND REPORT ☐ INFORMATION
☐ COLLECTIONS ☐ OTHER

☒ *EMAIL WHEN COMPLETED*     ☐ *CALL WHEN COMPLETED*

**RESIDENCE**                          **BUSINESS / EMPLOYMENT ADDRESS**

SERVEE (S)                             **BUSINESS NAME**
                                        Ari Emanuel - Registered Agent for Dog Eat Dog Films, Inc
ADDRESS                                 ADDRESS  9701 Wilshire Blvd. 10th Floor
                                        Beverly Hills, California 90212

PHONE                                   PHONE
S.S. #
DOB
DRIVER'S LICENSE #

SPECIAL SERVICE INSTRUCTIONS

**CHECK STATUS AT ABCLEGAL.COM**

-------------------------------- FOR ABC USE BELOW THIS LINE --------------------------------

REC. BY: **X**

| | | | | TITLE | DATE | TIME | # OF COPIES | SRV. BY: |
|---|---|---|---|---|---|---|---|---|

| DATE/TIME | NOTE CODES | BY | AGE: | WT: | HT: | RACE SEX | HAIR COLOR | DISTING MARKS | | LIC. PLATE |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | TP $ | |
| | | | | | | | | | RTM | |
| | | | | | | | | | BA FEE | |
| | | | | | | | | | TRACE $ | |
| | | | | | | | | | MISC $ | |
| | | | | | | | | | MISC $ FOR | |
| | | | | | | | | | SPEC $ | |
| | | | | | | | | | CHECK # | |
| | | | | | | TEMPLATE CODE | | | SPLIT | |
| DATE/TIME | REPORTED SERVE TO | ☐ RECEPTIONIST | | ☐ E-MAIL | ☐ VOICE MAIL | After Entered By: | | | AMOUNT THIS WO# | |

022 (3/02)

| | | |
|---|---|---|
| 1 = No answer at the door, lights on inside | 5 = Per male resident, he has never heard of the subject | 9 = No such address |
| 2 = No answer at the door, dark inside | 6 = Per female resident, she has never heard of the subject | 10 = Subject receives mail, but does not reside at address |
| 3 = Vehicle present, no answer and dark inside | 7 = Subject is not working today | 11 = Per non-resident, subject not at home |
| 4 = Vehicle present, lights on inside, no answer | 8 = Vacant | 12 = Per co-resident, subject not at home |

# EXHIBIT 2

IN THE
UNITED STATES DISTRICT COURT WESTERN DISTRICT OF WASHINGTON

KEN ARONSON

                                          Plaintiff/Petitioner

vs.
DOG EAT DOG FILMS, INC.,

                                          Defendant/Respondent

Hearing Date:

CAUSE NO: **3:10-CV-5293-KLS**

DECLARATION OF SERVICE OF:
**SUMMONS IN A CIVIL ACTION; COMPLAINT**

The undersigned hereby declares: That s(he) is now and at all times herein mentioned was a citizen of the United States, over the age of eighteen, not an officer of a plaintiff corporation, not a party to nor interested in the above entitled action, and is competent to be a witness therein.

On the **29th day of April, 2010**, at **3:26 PM**, at the address of **Prentice-Hall Corporation Systems, 2711 CENTERVILLE Road SUITE 400, WILMINGTON, New Castle** County, DE **19808**; this declarant served the above described documents upon **DOG EAT DOG FILMS, INC.**,, by then and there personally delivering 1 true and correct copy(ies) thereof, by then presenting to and leaving the same with **Sue Rhea, REGISTERED AGENT, White, Female, Age 40's, 5'6", 120 lbs, brown hair.**

No information was provided or discovered that indicates that the subjects served are members of the U.S. military.

Service Fee Total: $

Declarant hereby states under penalty of perjury under the laws of the State of **Washington** that the statement above is true and correct.

DATED this **4th** day of **May, 2010.**

_____
**Daniel Newcomb, Reg. # No #s in DE, New Castle, DE**

FOR: **Pfau Cochran Vertetis Kosnoff -Tacoma**   ORIGINAL PROOF
REF: **30035.01**                                OF SERVICE

Tracking #: **8169777 SEA**

# EXHIBIT 3



## Davis Wright Tremaine LLP



Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045

**Bruce E. H. Johnson**
206.757.8069 tel
206.757.7069 fax

brucejohnson@dwt.com

May 18, 2010

**VIA EMAIL AND FIRST CLASS MAIL**

Thomas Brian Vertetis
Brian D. Doran
Pfau Cochran Vertetis Kosnoff PLLC
911 Pacific Avenue
Suite 200
Tacoma, WA  98402

Re:   Aronson v. Dog Eat Dog Films, Inc.

Dear Messrs. Vertetis and Doran:

As you know, I am representing the defendant, Dog Eat Dog Films, Inc. in the above case.

I will be getting married next week, and then going on a honeymoon to New Zealand, and will return to my office in Seattle on June 7, 2010.

Accordingly, I would appreciate an extension regarding the deadline or deadlines to file the Answer to Complaint and any Motion in response to the Complaint to June 9, 2010.

Please advise if there is any problem with this request.  If there is not, I will submit a Stipulation to that effect.

Very truly yours,

Davis Wright Tremaine LLP

Bruce E. H. Johnson

DWT 14712766v1 0092022-000001

| Anchorage | New York | Seattle |
| Bellevue | Portland | Shanghai |
| Los Angeles | San Francisco | Washington, D.C. |

www.dwt.com

# EXHIBIT 4

# FINAL BILL REPORT
# SSB 6395

### C 118 L 10
Synopsis as Enacted

**Brief Description**:  Addressing lawsuits aimed at chilling the valid exercise of the constitutional rights of speech and petition.

**Sponsors**:  Senate Committee on Judiciary (originally sponsored by Senators Kline, Kauffman and Kohl-Welles).

**Senate Committee on Judiciary**
**House Committee on Judiciary**

**Background**:  Strategic lawsuits against public participation, or SLAPPs, are initiated to intimidate or retaliate against people who speak out about a matter of public concern. Typically, a person who institutes a SLAPP suit claims damages for defamation or interference with a business relationship resulting from a communication made by a person or group to the government or a self-regulatory organization that has been delegated authority by the government.  A 2003 Gonzaga law review article describes most SLAPPs as occurring in the commercial context with the lawsuits being filed against people or groups alleging environmental or consumer protection violations.

In 1989 the Legislature addressed the use of SLAPPs by creating immunity from civil liability for people who in good faith communicate a complaint or information to an agency of the federal, state, or local government or to a self-regulatory organization that has been delegated authority by a government agency.  In 2002 the anti-SLAPP statutes were amended to remove the requirement that the communication be in good faith and to allow statutory damages of $10,000 to a person who prevails against a lawsuit based on a communication to a government agency or organization.  The 2002 legislation also included a policy statement recognizing the constitutional threat of SLAPP litigation.

**Summary**:  The Legislature asserts that it is in the public interest for citizens to participate in matters of public concern and provide information to public entities and other citizens on public issues that affect them without fear of reprisal through abuse of the judicial process. The Legislature affirms its concern regarding lawsuits brought primarily to chill freedom of speech and petition, also known as strategic lawsuits against public participation.

An action involving public participation and petition is defined as including any oral or written statement submitted in connection with an issue under consideration by a legislative, executive, judicial, or other proceeding authorized by law.  It also includes any oral or

*This analysis was prepared by non-partisan legislative staff for the use of legislative members in their deliberations. This analysis is not a part of the legislation nor does it constitute a statement of legislative intent.*

written statement that is reasonably likely to encourage or enlist public participation in the consideration or review of an issue in a legislative, executive, judicial, or other proceeding authorized by law. Any oral or written statement submitted in a public forum in connection with an issue of public concern is also an action involving public participation and petition. Any other lawful conduct in furtherance of the exercise of the constitutional right of free speech in connection with an issue of public concern is also considered to be an act involving public participation and petition.

A procedure is created for the speedy resolution of strategic lawsuits against public participation. The court is directed to hold a hearing with all due speed on any motion to deny a claim based on an action involving public participation and petition and to render its decision no later than seven days after the hearing is held. A person who is successful in pursuing a motion to deny a claim based on an action involving public participation and petition is awarded costs of litigation, reasonable attorneys' fees, and $10,000. The court may award additional relief such as sanctions upon the moving party and its attorneys if it determines they are necessary to deter repetition of the conduct. If the court finds the motion to deny a claim is frivolous or is intended to cause unnecessary delay, it will award costs of litigation, reasonable attorneys' fees, and an amount of $10,000.

The general purpose of the law to protect participants in public controversies from an abusive use of the courts is to be applied and construed liberally.

**Votes on Final Passage:**

| | | |
|---|---|---|
| Senate | 46 | 0 |
| House | 96 | 0 |

**Effective:** June 10, 2010