THE HONORABLE KAREN L. STROMBOM

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KEN ARONSON,<br><br>    Plaintiff,<br><br>v.<br><br>DOG EAT DOG FILMS, INC.,<br><br>    Defendant. | NO. 3:10-CV-05293-KLS<br><br>PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>NOTE FOR MOTION CALENDAR:<br><br>OCTOBER 8, 2010 |

## I.  RELIEF REQUESTED

Plaintiff respectfully requests the Court reconsider and reverse the Order Denying Plaintiff's Motion for Reconsideration because the defendant has produced new evidence showing (1) it intentionally handcrafted overly broad, "sleeper legislation" in order to attack Plaintiff's claims with a new law, and (2) it obtained a continuance under false pretenses so it could file its attack immediately after its unconstitutional legislation became effective.

This new evidence justifies the Court reconsidering its decision to deny Plaintiff's motion for reconsideration, particularly given the genuine constitutional issues raised by that motion. If anyone was sandbagging these issues, it was the defendant, not Plaintiff.

PLTFFS' MOT FOR RECONSIDERATION - 1 of 9

NO. 3:10-CV-05293-KLS

PFAU COCHRAN VERTETIS KOSNOFF PLLC
911 Pacific Ave., Suite 200
Tacoma, WA 98402
PHONE: (253) 777-0799
FACSIMILE: (253) 627-0654

## II.   BACKGROUND FACTS

The defendant became aware of this case on September 25, 2009, when its talent agent was served with a copy of the complaint and a letter suggesting an early mediation.[1]

The complaint was filed on April 27, 2010,[2] and served on April 29, 2010.[3] Although the defendant's answer was due within twenty days, its lead counsel requested an extension under the guise that "I will be getting married next week, and then going on a honeymoon to New Zealand, and will return to my office on June 7, 2010. Accordingly, I would appreciate an extension regarding the deadline or deadlines to file the Answer to Complaint and any Motion in response to the Complaint to June 9, 2010."[4] Plaintiff stipulated to an extension based on that representation,[5] and the Court granted the stipulated continuance.[6]

As it turns out, the representation was false, or was a calculated misrepresentation aimed at abusing the legislative and judicial process: as the defendant knew by drafting it, the Washington Anti-SLAPP Act ("the Act") was not effective until June 10, 2010.[7]

The defendant used its continuance to file its answer the day before its handcrafted legislation became effective, disclosing its Anti-SLAPP defense for the first time,[8] and filed its motion to strike two days later, the day after its legislation became effective.[9]

---

[1] Declaration of Service, Vertetis Decl., Ex. 1.

[2] *See generally* Complaint, Dkt. #1 (filed on April 27, 2010).

[3] Declaration of Service, Vertetis Decl., Ex. 2.

[4] Letter from Johnson to Vertetis, dated May 18, 2010, Vertetis Decl., Ex. 3.

[5] Vertetis Decl., at ¶ 4.

[6] Stipulation and Order to Extend Defendant's Deadline to Answer the Complaint and/or Make Any Motion in Response to the Complaint, Dkt. # 12 (filed on May 25, 2010).

[7] Final Bill Report, SSB 6395, Vertetis Decl., Ex. 4.

[8] Answer and Affirmative and Other Defenses, Dkt. # 13 (filed June 9, 2010), at ¶ 6.11.

[9] *See generally* Defendant's Special Motion to Strike Plaintiff's Claims of Misappropriation of Likeness and Invasion of Privacy, Dkt. #15 (filed on June 11, 2010).

PLTFFS' MOT FOR RECONSIDERATION - 2 of 9

NO. 3:10-CV-05293-KLS

PFAU COCHRAN VERTETIS KOSNOFF PLLC
911 Pacific Ave., Suite 200
Tacoma, WA 98402
PHONE: (253) 777-0799
FACSIMILE: (253) 627-0654

The defendant's newly disclosed time entries, which Plaintiff could not have obtained until the defendant voluntarily disclosed them, reflect this was not coincidental timing. Instead, the defendant was furiously working to apply its legislation to this case when it represented that it needed a continuance because its lead counsel would be out of the country.[10] This includes numerous entries prior to May 18, 2010, where the defendant strategized on how to apply its legislation,[11] and numerous entries between that date and June 7, 2010, where its lead counsel, who was supposedly out-of-the-country and unable to work on this case, continued working on its special motion to strike.[12]

Plaintiff previously asked the Court to reconsider its decision to apply the Act to this case because the statute is unconstitutional for a number of reasons, including that the Washington constitution protects its citizens from "sleeper" legislation that violates Article II, Section 37, and overly broad legislation that violates Article II, Section 19.[13] The Court declined to do so because it concluded Plaintiff failed to raise these issues in response to the defendant's motion and pointed to no new evidence that would justify reconsideration.[14]

### III. ISSUE PRESENTED

Whether the Court should reconsider the Order Denying Plaintiff's Motion for Reconsideration, and hear Plaintiff's Motion for Reconsideration, when (1) the defendant has produced new evidence showing it handcrafted overly broad, sleeper legislation that violates the Washington constitution, and then obtained a continuance under false pretenses in order to use that unconstitutional legislation against Plaintiff, (2) this new evidence justifies the Court analyzing the

---

[10] Declaration of Bruce E.H. Johnson in Support of Defendant's Motion for Attorneys' Fees and Costs Under RCW 4.24.525, Dkt. #31 (filed on September 22, 2010), Exhibit E, at 39-52.

[11] *Id.* at 39-43.

[12] *Id.* at 43-52.

[13] Plaintiff's Motion for Reconsideration, Dkt. #24 (filed September 9, 2010), at 4-6.

[14] Order Denying Plaintiff's Motion for Reconsideration, Dkt. # 33 (filed September 28, 2010).

PLTFFS' MOT FOR RECONSIDERATION - 3 of 9
NO. 3:10-CV-05293-KLS

PFAU COCHRAN VERTETIS KOSNOFF PLLC
911 Pacific Ave., Suite 200
Tacoma, WA 98402
PHONE: (253) 777-0799
FACSIMILE: (253) 627-0654

constitutionality of the Act in order to prevent a substantial injustice, and (3) equity favors the Court addressing the important constitutional issues raised by Plaintiff's Motion for Reconsideration, particularly given the defendant's intimate role in drafting that legislation and its disingenuous effort to make sure it could use it to attack Plaintiff's claims after it became effective?

## IV. LEGAL ARGUMENT

The Court should reconsider the Order Denying Plaintiff's Motion for Reconsideration because (1) the defendant has produced new evidence showing it handcrafted overly broad, sleeper legislation that violates the Washington constitution, and then obtained a continuance under false pretenses in order to use that unconstitutional legislation against Plaintiff, (2) this new evidence justifies the Court analyzing the constitutionality of the Act in order to prevent a substantial injustice, as requested in Plaintiff's Motion for Reconsideration that was denied, and (3) equity favors the Court addressing the important constitutional issues raised by Plaintiff's Motion for Reconsideration, particularly given the defendant's intimate role in drafting that legislation and its disingenuous effort to make sure it could use it to attack Plaintiff's claims after it became effective.  Fed. R. Civ. P. 7(h)(1); Fed. R. Civ. P. 59(e); Fed. R. Civ. P.  60(b)(2), (3), and (6).

Plaintiff asked the Court to reverse the order applying the Act to this case because the Washington constitution protects its citizens from "sleeper" legislation that violates Article II, Section 37, and overly broad legislation that violates Article II, Section 19.[15]  The Court did not reach the substantive merits of that motion because it concluded Plaintiff failed to raise

---

[15] Plaintiff's Motion for Reconsideration, Dkt. #24 (filed September 9, 2010), at 4-6.

PLTFFS' MOT FOR RECONSIDERATION - 4 of 9
NO. 3:10-CV-05293-KLS

PFAU COCHRAN VERTETIS KOSNOFF PLLC
911 Pacific Ave., Suite 200
Tacoma, WA 98402
PHONE: (253) 777-0799
FACSIMILE: (253) 627-0654

these issues in response to the defendant's motion and pointed to no new evidence or law that would justify reconsideration.[16]

The defendant's recently disclosed time entries, which Plaintiff could not have obtained until it voluntarily disclosed them, provide that new evidence and justify the Court reconsidering its decision. Respectfully, they show application of the Act was manifest error and resulted in an injustice that justifies relief, particularly where it was obtained through fraud. Fed. R. Civ. P. 59(e); Fed. R. Civ. P. 60(b)(2), (3), and (6). The defendant obtained a continuance under false pretenses so it could use its unconstitutionally overly broad, sleeper legislation to attack this case. Reconsideration is appropriate because these factual and legal reasons for Plaintiff's motion for reconsideration were not reasonably available until the Court issued its order and the defendant disclosed its time entries, including entries that show it obtained a continuance through fraud. The civil rules are to be construed to promote justice, not to endorse a party's abuse of the legislative and judicial process. Fed. R. Civ. P. 1.

Moreover, a party may raise jurisdictional issues at any time, and a court should consider constitutional issues when an "injustice might otherwise result" or when public policy requires review. *Diamond Door Co. v. Lane-Stanton Lumber Co.*, 505 F.2d 1199, 1206 (1974); *see also Levinson v. Washington Horse Racing Com'n*, 48 Wn. App. 822, 828, 740 P.2d 898 (1987) (a party may raise a constitutional issue as late as a motion for reconsideration from a Court of Appeals decision); RAP 2.5(a)(3) (a party may raise a "manifest error affecting a constitutional right" for the first time on appeal). Both the facts and the law justify the Court addressing the constitutional issues raised by Plaintiff's motion

---

[16] Order Denying Plaintiff's Motion for Reconsideration, Dkt. # 33 (filed September 28, 2010).

PLTFFS' MOT FOR RECONSIDERATION - 5 of 9
NO. 3:10-CV-05293-KLS

PFAU COCHRAN VERTETIS KOSNOFF PLLC
911 Pacific Ave., Suite 200
Tacoma, WA 98402
PHONE: (253) 777-0799
FACSIMILE: (253) 627-0654

for reconsideration because an injustice will otherwise result and public policy weighs heavily in favor of review, particularly given the defendant's now apparent role in drafting and then using this unconstitutional legislation.

Given the Act took effect after Plaintiff filed suit, given the defendant's newly disclosed time entries show it obtained a continuance through fraud in order to take advantage of its overly broad, "sleeper" legislation, given the defendant's motion raised issues of first impression, given the numerous unconstitutional issues raised by the Act and the order applying it, given the injustice that will result if Plaintiff's claims were dismissed under an unconstitutional statute, and given the injustice that will result if an unconstitutional statute is used to impose a $10,000+ penalty on Plaintiff, the Court would be acting well within its discretion to address the constitutional issues raised in Plaintiff's Motion for Reconsideration.

If the defendant's misconduct and these constitutional issues are not addressed, the defendant and other defendants will be encouraged to handcraft overly broad, "sleeper" legislation targeted at the opposing party, use a misrepresentation to obtain a continuance until their legislation becomes effective, and then ask to be rewarded, to the tune of $57,000 in penalties, for their abuse of both the legislative and judicial systems. That is not the goal of the civil rules, including CR 7(h)(1), Fed. R. Civ. P. 59(e) and, Fed. R. Civ. P. 60(b)(2), (3), and (6).

While reconsideration may only be appropriate under extraordinary circumstances, those circumstances are present here. The integrity of the judicial process weighs strongly in favor of reconsideration.

//

PLTFFS' MOT FOR RECONSIDERATION - 6 of 9
NO. 3:10-CV-05293-KLS

PFAU COCHRAN VERTETIS KOSNOFF PLLC
911 Pacific Ave., Suite 200
Tacoma, WA 98402
PHONE: (253) 777-0799
FACSIMILE: (253) 627-0654

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court reconsider and reverse the Order Denying Plaintiff's Motion for Reconsideration.

Respectfully submitted this 8th day of October 2010.

By: _____
Thomas B. Vertetis, WSBA No. 29805
Jason P. Amala, WSBA No. 37054

Pfau Cochran Vertetis Kosnoff PLLC
911 Pacific Ave., Suite 200
Tacoma, WA 98402
Phone: 253-777-0799
Fax: 253-627-0654
thomas@pcvklaw.com
jason@pcvklaw.com
Attorneys for Plaintiff

PLTFFS' MOT FOR RECONSIDERATION - 7 of 9

NO. 3:10-CV-05293-KLS

PFAU COCHRAN VERTETIS KOSNOFF PLLC
911 Pacific Ave., Suite 200
Tacoma, WA 98402
PHONE: (253) 777-0799
FACSIMILE: (253) 627-0654

THE HONORABLE KAREN L. STROMBOM

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KEN ARONSON,<br><br>               Plaintiff,<br><br>    v.<br><br>DOG EAT DOG FILMS, INC.,<br><br>              Defendant. | NO. 3:10-CV-05293-KLS<br><br>CERTFICATE OF SERVICE |

     I, Terry Asbert, hereby certify that on today's date, I caused to be filed electronically (1) Plaintiff's Motion for Reconsideration of the Order Denying Plaintiff's Motion for Reconsideration, and (2) the Declaration of Thomas B. Vertetis in Support of Plaintiff's Motion for Reconsideration of the Order Denying Plaintiff's Motion for Reconsideration, with the court, using the CM/ECF system, which will send email notification of such filing to the below addresses, and I served a true and correct copy of the following documents by the method indicated below and addressed as follows:

    __X__   CM/ECF Notification via email service to:  Bruce E. H. Johnson, at brucejohnson@dwt.com and Noelle Kvasnosky, at noellekvasnosky@dwt.com.

PLTFFS' MOT FOR RECONSIDERATION - 8 of 9

NO. 3:10-CV-05293-KLS

PFAU COCHRAN VERTETIS KOSNOFF PLLC
911 Pacific Ave., Suite 200
Tacoma, WA 98402
PHONE: (253) 777-0799
FACSIMILE: (253) 627-0654

I declare under penalty of perjury under the laws of the United States of America, 28 U.S.C. ¶ 1746, that the foregoing is true and correct.

Dated this 8th day of October 2010 in Seattle, Washington.

By ___*Terry Asbert*___
Terry Asbert

PLTFFS' MOT FOR RECONSIDERATION - 9 of 9

NO. 3:10-CV-05293-KLS

PFAU COCHRAN VERTETIS KOSNOFF PLLC
911 Pacific Ave., Suite 200
Tacoma, WA 98402
PHONE: (253) 777-0799
FACSIMILE: (253) 627-0654