UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KEN ARONSON,

        Plaintiff,

    v.

DOG EAT DOG FILMS, INC.,

        Defendant.

Case No. C10-5293 KLS

ORDER DENYING PLAINTIFF'S SECOND MOTION FOR RECONSIDERATION

    This matter comes before the Court on Plaintiff's motion for reconsideration of this Court's Order denying Plaintiff's motion for reconsideration of this Court's Order Granting Defendant's Special Motion to Strike Plaintiff's Claims of Misappropriation of Likeness and Invasion of Privacy. The Court, having reviewed the second motion for reconsideration and the remaining file, is fully informed and **DENIES** the motion for the reasons stated herein.

    This Court's Order, dated August 31, 2010, held that Plaintiff's state law claims for invasion of privacy and misappropriation of likeness are based on conduct that is protected by the Washington Anti-SLAPP Act. The Court found that Plaintiff cannot show by clear and convincing evidence the probability of prevailing on his state law claims. Accordingly, Plaintiff's state law claims were dismissed. Pursuant to mandate of the Anti-SLAPP statute, the prevailing party Defendant was awarded reasonable attorneys fees, costs, and the statutory award of ten thousand dollars. Dkt. 23.

    Plaintiff timely moved for reconsideration of the Order, asserting the Court committed

ORDER - 1

manifest error. This purported error was premised on the argument that application of Washington Anti-SLAPP (1) unduly burdens Plaintiff's right to access to the courts, (2) violates the separation of powers, and (3) violates the Washington Constitution. These constitutional arguments were raised for the first time in this motion for reconsideration. The Court denied Plaintiff's motion, holding that motions for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.

Plaintiff's instant motion for reconsideration asserts that newly discovered evidence warrants a grant of reconsideration. Plaintiff contends that "new evidence" establishes that Defendant obtained a continuance to file its answer; apparently in anticipation of the effective date of the newly enacted Anti-SLAPP legislation. Plaintiff contends this "sleeper legislation" that was "handcrafted" by Defendant in order to attack Plaintiff's claims.

Initially, it appears that Plaintiff's motion for reconsideration does not seek reconsideration of this Court's Order denying reconsideration[1], but is a second motion for reconsideration of this Court's Order of August 31, 2010. The instant motion was filed on October 8, 2010, and is untimely. See Local Rules W.D. Wash. CR 7(h)(2) and Fed. R. Civ. P. 59(e). However, the court may construe an untimely motion for reconsideration brought under Rule 59(e) as a motion based on Rule 60(b). *Beentjes v. Placer County Air Pollution Control Dist.,* 254 F. Supp.2d 1159, 1161 *(*E.D. Cal. 2003); *United States v. Iron Mountain Mines,* 812 F. Supp. 1528, 1555 (E.D. Cal. 1993).

Rule 60(b) specifically provides that:

On motion and upon such terms as are just, the court may relieve a party ... from a final ... order ... for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b) ... or (6) any other reason justifying relief from the operation of the judgment.

---

[1] The issues raised for the first time in the initial motion for reconsideration were confined to whether the Court committed "manifest error." The instant motion for reconsideration asserts "newly discovered evidence" as a basis for reconsideration.

ORDER - 2

1    A review of the motion and record herein provides no support for relief based on newly discovered evidence, or any other grounds, enumerated under Fed. R. Civ. P. 60(b).  A motion for reconsideration "is not a vehicle to reargue the motion or to present evidence which should have been raised before." *Beentjes*, at 1161;  *United States v. Westlands Water Dist.*, 134 F. Supp.2d 1111, 1131 (E.D. Cal. 2001).  In order for evidence to be considered "new" for the purposes of Rule 60(b), it must be of such a character that it would likely change the outcome of the court's prior decision.  *Beentjes*, at 1161;  *Fernhoff v. Tahoe Reg'l Planning Agency*, 622 F. Supp. 121, 122 (D. Nev. 1985).  New evidence under Rule 60(b) must be evidence that could not have been produced by due diligence during the trial or in time to move for a new trial.  *Mayview Corp. v. Rodstein,* 620 F.2d 1347, 1352-53 (9th Cir. 1980).  The proffered evidence must be admissible and credible and "must be of such a material and controlling nature as will probably change the outcome."  *American Cetacean Soc. v. Smart*, 673 F. Supp. 1102, 1106 (D. D.C. 1987).

Plaintiff's new evidence does not meet these criteria.  The extension of time obtained by Defendant in which to file it's answer does not appear to be related to the assertion of the Anti-SLAPP statute.  The answer was filed prior to the enactment of the statute and had no bearing on Defendant's ability to file the special motion to strike pursuant to the Anti-SLAPP statute.  Nor is there any credible proof that the anti-SLAPP statute was enacted as "sleeper legislation" for the purpose of defeating this lawsuit.  More importantly, the purported newly discovered evidence did not prevent Plaintiff from asserting the constitutional issues he now wishes to have considered by this Court.

Simply put, Plaintiff had ample opportunity to raise any and all defenses to application of the Anti-SLAPP statute to this litigation.  That Plaintiff neglected to raise some issues, or tactically chose not to, does not afford Plaintiff a second opportunity to present his case.

ORDER - 3

1  ACCORDINGLY

2  IT IS ORDERED:

3  Plaintiff's Motion for Reconsideration of Order Denying Plaintiff's Motion for

4  Reconsideration [Dkt. 38] is **DENIED.**

5  DATED this 18th day of October, 2010.

*(signature)*

Karen L. Strombom
United States Magistrate Judge

ORDER - 4