UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KEN ARONSON, | CASE NO. C 10-5293 |
| Plaintiff, | ORDER AWARDING ATTORNEYS' FEES AND COSTS |
| v. | |
| DOG EAT DOG FILMS, INC., | |
| Defendant. | |

## I. INTRODUCTION

On August 31, 2010 this Court awarded the Defendant its attorneys' fees and costs incurred in connection with its Special Motion to Strike Plaintiff's Claims of Misappropriation of Likeness and Invasion of Privacy. ECF No. 23. Defendant subsequently filed its Motion for Attorneys' Fees and Costs under RCW 4.24.525. ECF No. 30. Plaintiff filed his Response (ECF No. 36) and Defendant filed its Reply (ECF No. 40).

Order Awarding Attorneys' Fees
and Costs

## II.  BACKGROUND

Ken Aronson commenced this action against Defendant asserting that the inclusion of a song and video in Michael Moore's documentary film, *Sicko,* without Aronson's authorization infringed his exclusive copyright to his video and song.  The Plaintiff also asserted two state law claims:  invasion of privacy and misappropriation of likeness.  The Defendant filed its special motion to strike on June 11, 2010.  ECF No. 15.  The undersigned concluded that the state law claims for invasion of privacy and misappropriation of likeness are based on conduct that is protected by the Anti-SLAPP Act and granted the Defendant's motion.  The Court also awarded reasonable attorneys' fees and costs, as directed by R.C.W. 4.24.525.  ECF No. 23.

The Defendant now requests attorneys' fees of $46,965, costs of $697.80 and the $10,000 authorized by statute.

The Plaintiff requests this Court deny Defendant's motion for the following reasons: (1)  it seeks to profit from misrepresentations the defendant made to Plaintiff and the Court; (2) it seeks to impose retroactive penalties for a complaint that was filed before the Anti-SLAPP legislation became effective; and (3) it relies on insufficient evidence and requests an unreasonable amount for fees and costs for a single motion.  Alternatively, the Plaintiff requests this Court stay any penalties under the statute until Plaintiff's pending appeal before the 9th Circuit Court of Appeals is resolved.  ECF No. 36.

## III. DISCUSSION

The undersigned has already made the determination that the Defendant is entitled to an award of reasonable attorneys' fees and costs.  ECF No. 31.  In the Order Granting Defendant's Special Motion to Strike Plaintiff's Claims of Misappropriation of Likeness and Invasion of Privacy this Court ordered as follows:  "Defendant **is awarded** its reasonable attorneys fees and

Order Awarding Attorneys' Fees
and Costs

1   costs incurred in presenting this motion and the statutorily prescribed amount of ten thousand
2   dollars." (emphasis added).  ECF No. 31, p. 17.  The sole purpose of the motion before the
3   Court is for the Court to make a determination as to the "amount" of the reasonable attorneys'
4   fees and costs that shall be awarded.

5   The first two reasons raised by the plaintiff do not address the amount to be awarded.
6   This Court will, however, address each of the objections raised by the Plaintiff.

7   **Alleged Misrepresentation.**  In a May 18, 2010 letter to plaintiff's counsel, defense
8   counsel advised he was getting married next week, then going on a honeymoon to New Zealand
9   and would be back in his office on June 7, 2010.  ECF No. 37, p. 19.  The purpose of the letter
10  was to request an extension of time to file an answer and any motions related to the complaint to
11  June 9, 2010.  Counsel so stipulated and the undersigned issued an order based on the parties'
12  stipulation.  ECF No. 12.  Neither of the parties, however, disclosed the reason for the stipulation
13  to the Court.  The Defendant filed his Answer on June 9, 2010 and his motion to strike pursuant
14  to the anti-SLAPP statute was filed on June 11, 2010.

15  Counsel for plaintiff now asserts that the time sheets submitted by defense counsel show
16  he was in fact working on the case during the time he said he would be out of the office.  Based
17  on that, counsel also asserts that "the representation was false, or was a calculated
18  misrepresentation aimed at abusing the legislative and judicial process:  as the defendant knew
19  by drafting it, the Washington Anti-SLAPP ("the ACT") was not effective until June 10, 2010."
20  ECF No. 36, pp. 3 – 4.  Counsel then states that the "defendant was furiously working to apply
21  its legislation to this case when it represented that it needed a continuance because its lead
22  counsel would be out of the country."  *Id.* at p. 4.

23
24
Order Awarding Attorneys' Fees
and Costs

3

On the other hand, counsel for the defendant affirms he got married on May 22, 2010, went to New Zealand on May 23, 2010 for his honeymoon, returned to New York on June 2, 2010 and returned to his office in Seattle on June 7, 2010. ECF No. 41, p. 2.

A review of the billing records show entries for "B. Johnson" on May 26, 27, 28, June 1, 3, 4, and 6, 2010. ECF No. 31, pp. 44 – 47.

However, it is not clear that extending the date for filing an answer to June 9, 2010, the day before the legislation became effective, made any difference regarding the posture of this case. The answer was filed on June 9, 2010 which was the day before the effective date of the anti-SLAPP legislation. Without any stipulation, the answer would still have been due before the effective date of the legislation. The timing of the answer had no impact. In addition, R.C.W. 4.24.525 permits the filing of a special motion within 60 days of service of the complaint. The complaint was served on April 29, 2010. ECF No. 37, p. 17. The motion was filed on June 11, 2010 – within 60 days of service. If there was any misrepresentation by defense counsel, it had no impact with regard to the applicability of the new legislation and does not form the basis for denial of attorneys' fees and costs.

**Retroactive Penalty.** The Plaintiff asserts, for the first time, that the new legislation imposes retroactive penalties. The Court notes that the Plaintiff, in his response to the Defendant's special motion to strike, also sought to recover attorneys' fees and costs pursuant to the authorization contained in the anti-SLAPP legislation. In addition, and as noted above, this Court already ordered reasonable attorneys' fees. The sole purpose of this motion is to determine the amount.

**Calculation of Reasonable Attorneys' Fees.** The Washington courts use the lodestar approach to fee calculation. To calculate a lodestar amount, a court multiplies the number of hours reasonably expended by the reasonable hourly rate. *Bowers v. Transamerica Title Ins. Co.,* 100 Wash. 2d 581, 597, 675 P. 2d 193 (1983). After calculating a lodestar fee, the court may consider whether the lodestar should be adjusted to reflect factors not already taken into consideration. *Bowers, supra,* at p. 598-99.

The plaintiff objects to an award of attorneys' fees on the grounds that the Defendant has provided insufficient evidence to support the amount requested and that the amount requested is unreasonable. In support of his position, the Plaintiff asserts that only a small portion (28.6%) of the Defendant's motion to strike related to the anti-SLAPP Act and that the balance related to the underlying claims.

The Defendant, on the other hand, asserts that research and briefing of the state law claims was paramount to showing that the Plaintiff could not meet his burden of establishing by clear and convincing evidence the likelihood of prevailing on the state claims.

The Court agrees with the Defendant in this regard. The Court could not have rendered a decision regarding the applicability of the anti-SLAPP legislation without also determining whether the Plaintiff could demonstrate "by clear and convincing evidence a probability of prevailing on the merits of his state law claims of invasion of privacy and misappropriation of likeness." ECF No. 23, p. 9. Based on this evaluation, it is clear to the Court that the briefing submitted by the Defendant was all related to the special motion to strike.

Order Awarding Attorneys' Fees
and Costs

1     **Reasonable Hourly Rate.** The Defendant provided evidence that the hourly rates
2 requested by defense counsel are reasonable within the legal community. The Court notes that
3 the Plaintiff does not dispute the reasonableness of the hourly rates of defense counsel. The
4 Court therefore finds the hourly rates requested by the defendant represent reasonable hourly
5 rates based on the experience and expertise of counsel. Specifically, the Court finds that the
6 following rates to be reasonable: Bruce E. H. Johnson - $505/hour; Noelle Kvasnosky -
7 $265/hour; and Jennifer Chermoshnyuk - $175/hour.

8     The Court notes that the defendant requested an award of attorneys fees based on what
9 they characterized as a "blended" hourly rate. The Court declines that invitation and will follow
10 the old fashioned method of awarding fees based on the individuals hourly rate as that is the rate
11 which adequately identifies experience, skill and expertise.

12     **Reasonable Number of Hours.** In determining the reasonable number of hours, the
13 Court may exclude those hours that are excessive, redundant, or otherwise unnecessary. The
14 Court reviewed the number of hours spent on research, strategy & analysis as well as preparation
15 of the written motion. Based on that review, it appears that some time was spent unnecessarily,
16 was used inefficiently or was related to the case as a whole as opposed to being in connection
17 with the special motion. Examples include a various entries in May in which relatively small
18 amounts of time were frequently expended regarding strategy and analyzing a motion to strike;
19 obtaining copies of the video which would be related to the case as a whole and not just the
20 special motion; and spending time on legal analysis in anticipation of what the reply brief might
21 argue. Based on its review, the Court finds that the reasonable numbers of hours are as follows:
22 Bruce Johnson – 17 hours; Noelle Kvasnosky – 70 hours; and Jennifer Chermoshnyuk – 25
23 hours.

24

Order Awarding Attorneys' Fees
and Costs

1     **Amount of Lodestar Attorneys' Fees Awarded.**  Based on the above findings, the

2 Court AWARDS reasonable attorneys' fees to the Defendant in the sum of $31,430.

3     **Upward or Downward Adjustment.**  After calculating a lodestar fee, the court may

4 consider whether the lodestar should be adjusted to reflect factors not already taken into

5 consideration.  *Bowers v. Transamerica Title Ins. Co.,* 100 Wn.2d 581, 598-99 (1983); *Allard v.*

6 *First Interstate Bank of Wash.,* 112 Wn.2d 145, 149 (1989).  The Court notes that the Defendant

7 is not requesting an adjustment of fees beyond the lodestar calculation.  In addition, the lodestar

8 calculation takes many of the relevant factors into account, and after reviewing those remaining

9 factors not subsumed by the lodestar, the Court concludes that no departure from the lodestar is

10 warranted or necessary.

11           **COSTS**

12     The Defendant requests costs in the sum of $697.00.  The Plaintiff has filed no opposition

13 to this amount.   The Court therefore AWARDS Defendant its costs in the sum of $697.00.

14           **STATUTORY AWARD**

15     R.C.W. 4.24.525 states that the court "shall" award "[a]n amount of ten thousand dollars,

16 not including the costs of litigation and attorney fees" to the prevailing party.  The Defendant is

17 the prevailing party.  The Court therefore AWARDS Defendant the additional sum of

18 $10,000.00.

19           **REQUESTED STAY**

20     Finally, the Plaintiff requests this court stay an award of attorneys' fees, costs and

21 statutory award until his appeal has been resolved.  The authority for this "stay" is Fed. R. Civ.

22 P. 62(c).  This civil rules relates to an order or judgment "that grants, dissolves, or denies an

23

24

Order Awarding Attorneys' Fees
and Costs

7

injunction." This court has not issued such an order and therefore finds that this civil rule is not applicable. The request for a stay is DENIED.

## CONCLUSION

The Court AWARDS the Defendant attorneys' fees in the sum of $31,430, costs in the sum of $697, and the statutory award of $10,000.

Dated this 16th day of November, 2010.

Karen L. Strombom
United States Magistrate Judge

Order Awarding Attorneys' Fees
and Costs

8